[L. A. No. 15597.  In Bank.—February 25, 1937.]

THE FIRST NATIONAL BANK OF SANTA ANA (a National Banking Association), Respondent, v. LENORA E. KINSLOW et al., Appellants.

Arthur F. Koepsel for Appellants.

Forgy, Reinhaus & Forgy, S. M. Reinhaus and A. M. Bradley for Respondent.

CURTIS, J.—The controlling question on this appeal is whether section 689 of the Code of Civil Procedure providing for the filing of a third party claim applies to executions against real property claimed by a third person.  Said section as in force during the times herein involved is as follows:

"Third Party Claims.  Undertaking.  If the property levied on is claimed by a third person as his property by a written claim verified by his oath or that of his agent, setting out his right to the possession thereof, and served upon the officer making the levy, such officer must release the property if the plaintiff, or the person in whose favor the writ of execution runs, fails within five days after written demand,

to give such officer an undertaking executed by at least two good and sufficient sureties in a sum equal to double the value of the property levied on.

"Such undertaking shall be made in favor of, and shall indemnify such third person against loss, liability, damages, costs and counsel fees, by reason of such seizing, taking, withholding, or sale of such property by such officer.

"Exceptions to the sufficiency of the sureties and their justification may be had and taken in the same manner as upon an undertaking on attachment. If they, or others in their place, fail to justify at the time and place appointed, such officer must release the property; provided, however, that if no exception is taken, within five days after notice of receipt of the undertaking, the third person shall be deemed to have waived any and all objections to the sufficiency of the sureties. If objection be made to such undertaking, by such third person, on the ground that the amount thereof is not sufficient, or if for any other reason it becomes necessary to ascertain the value of the property involved, the property involved may be appraised by one or more disinterested persons, appointed for that purpose by the court in which the action is pending, or from which the execution issued, or by a judge or justice thereof, or the court, judge or justice may direct a hearing to determine the value of such property. If, upon such appraisal or hearing, the court, judge or justice finds that the undertaking given is not sufficient, a sufficient undertaking shall be given.

"The officer making the levy may demand and exact the undertaking herein provided for notwithstanding any defect, informality or insufficiency of the verified claim served upon him. Such officer shall not be liable for damages to any such third person for the taking or keeping of such property if no claim is served by any such third person, nor, in any event, shall such officer be liable for the holding, release, or other disposition of such property in accordance with the provisions of this section.

"If such undertaking be given, such officer, shall hold the property; provided, however, that if an undertaking be given under the provisions of section 710b of this code, such property shall be released.

"Hearing. Whenever a verified third party claim is served as herein provided, upon levy of execution or attachment,

the plaintiff, or the person in whose favor the writ of execution runs (whether any undertaking hereinabove mentioned, be given or not), shall be entitled to a hearing within twenty days from the filing of the application or petition hereinafter mentioned, before the court having jurisdiction of the action, in order to determine title to the property in question, which hearing must be granted by the said court upon the filing of an application or petition therefor. Ten days' notice of such hearing must be given to all parties claiming an interest in the property, or their attorneys which notice must specify that the hearing is for the purpose of determining title to the property in question. The court may continue the hearing beyond the said twenty-day period, but good cause must be shown for any such continuance. If the plaintiff, or the person in whose favor the writ of execution runs gives the undertaking mentioned above to have the property held, such third person may initiate similar proceedings to determine title. The court may order the sale of any perishable property held by such officer and direct the deposit of the proceeds of such sale, and may, by order, forbid a transfer or other· disposition of the property until the proceeding, herein provided, for the determination of such title, can be commenced, and prosecuted to termination. Such order may be modified or vacated by the judge granting the same, or by the court in which the proceeding is pending at any time, upon such terms as may be just. Upon the termination of such proceedings the court may make all proper orders for the disposition of such property or proceeds." (Stats. 1933, p. 1887.)

The plaintiff, on February 17, 1934, in an action pending in the Superior Court in the County of Orange, recovered judgment against the defendant herein in a sum exceeding five thousand dollars. Execution upon said judgment was issued on March 27, 1934, and placed in the hands of the sheriff of said county, who by virtue of said execution levied upon real property situated in said county. Thereafter, and on April 12, 1934, a third party claim to said real property was served upon said sheriff by Walter T. Kinslow and Henry M. Kinslow, in which they claimed to be the owners of said real property.

Two days thereafter, that is, on April 14, 1934, the plaintiff herein filed in said superior court a document denominated

an "Application to Determine Title to Real Property". This document is the basis of the present proceeding. It will be referred to hereafter as the application. The defendant in the original action, Lenora E. Kinslow, and the third party claimants, Walter T. Kinslow and Henry M. Kinslow, demurred to this application on the ground that it was uncertain and ambiguous, and that it failed to state facts sufficient "to warrant the court in granting the relief prayed for in said petition". This demurrer was overruled, and these three persons last named filed an answer to said application. The application set forth the recovery of the judgment against Lenora E. Kinslow, the issuance of an execution thereon, and the levy of this execution by the sheriff of said county upon certain described real property, the filing of a third party claim to said real property by Walter T. Kinslow and Henry M. Kinslow, and certain further facts tending to show that the defendant, Lenora E. Kinslow, was the owner of said real property, and that her conveyance of said real property to Walter T. Kinslow and Henry M. Kinslow was fraudulent and made with the intent to defeat her creditors. The answer of the three Kinslows denied that Lenora E. Kinslow was the owner of said real property. They further denied that the conveyance of Lenora E. Kinslow to Walter T. Kinslow and Henry M. Kinslow was fraudulent or made with the intent to defraud her creditors.

Upon these pleadings, the matter in controversy was set down for hearing. Each party appeared at said hearing in person and by their respective counsel and produced and examined witnesses in all respects as such proceedings are carried on in a regular trial. At the conclusion of the hearing the court, before whom said matter was heard, made its findings and thereafter rendered its judgment. The court found that Lenora E. Kinslow was the owner of said real property, and set aside the conveyance thereof to the third party claimants as fraudulent and made for the purpose of defrauding her creditors. From this judgment, Lenora E. Kinslow and the third party claimants have appealed.

■ We will now return to the consideration of the question involved herein, that is, whether the provisions of section 689 of the Code of Civil Procedure are applicable to exc-

cutions upon real property, where the title to the same is claimed by a third party by means of a third party claim.

This is evidently a question of first impression in so far as the appellate courts of this state are concerned. Neither the efforts of this court nor the industry of counsel have been able to find any direct authority bearing thereon. This section of the code was a part of the original Code of Civil Procedure of this state, adopted in 1872. The original section was taken with only slight modifications from section 218 of the Practice Act. Section 689 has been amended from time to time. The last amendment with which we are concerned was made in the year 1933, and the section after said amendment is set out above.

In section 218 of the Practice Act, it was provided that when the property was claimed by a third party the sheriff should summon six persons qualified as jurors to try the validity of the claim. This same provision continued as a part of section 689 when it was incorporated in the Code of Civil Procedure in the year 1872. This verdict of the jury, however, did not protect the sheriff, and the proceedings before the jury were not admissible upon the trial of the action to determine title to the property in dispute. (*Perkins* v. *Thornburgh,* 10 Cal. 189, 191, and *Sheldon* v. *Loomis,* 28 Cal. 122.) In 1891 (Stats. 1891, p. 20) the section was amended so as to do away with the trial by sheriff's jury. In the place of said trial, the amended section provided that the sheriff was not bound to keep the property when claimed by a third party by a written verified claim unless a bond was given the sheriff to protect him against such claim. Section 689 as enacted in 1891 continued without any material change therein until 1929 (Stats. 1929, p. 661). In that year radical changes were made in the section, among which was the enactment of the provision providing for a summary trial of the title to the property levied upon and claimed by a third party before the court "having jurisdiction of the action". As so amended, the section was not materially different from the amended section which the legislature enacted in 1933, and which we have hereinbefore set out in full.

Respondent in support of its contention that section 689 of the Code of Civil Procedure is applicable to real property as well as personal property relies upon the first sentence

of said section where the word "property" is used, without any limitation as to the type of property whether real or personal to which it refers, and section 17 of the Code of Civil Procedure, which provides that the word "property" includes both real and personal property. It may be conceded that this argument has some merit, and if there were no other reasons for giving this section a different construction, it might control the meaning to be given to the whole section. But there are other provisions to be found in the section which must be given their proper place in arriving at the meaning of the section. In reading the first few lines of the section, we find that it provides that the claimant must set forth in his verified claim to the officer his "right to the possession thereof". (The property held under execution.) This is the only requirement as to what the third party's claim shall contain. The right to the possession of the property levied upon at the time of the levy is, therefore, the only question put in issue by the filing of the third party's claim. In levying an execution upon real property, the question as to who is legally entitled to the possession thereof does not arise. In fact, the possession of an occupant of real property levied upon under execution is not disturbed or in any way affected by the mere levy of execution. The question as to who is entitled to the possession of real property levied upon does not arise until a year after the sale of the property under execution. It is only when the officer levies upon personal property that the right to the possession arises. In most instances, when personal property capable of manual delivery is levied upon under execution, it is the duty of the officer to take physical possession of the property levied upon. It is then that a third person claiming said property must assert his claim, and unless he does so, according to a subsequent provision of said section, the officer is not liable to him in damages. Only when personal property is levied upon, can the serving of a third party claim have any force or effect, or result in any advantage to the person serving the same.

There is other language of said section which indicates that the proceedings under a third party claim only refers to personal property when levied upon under execution. In the fourth paragraph of said section we find the expressions "taking or keeping such property" and "holding . . . such

property''. These expressions are not pertinent to any acts of an officer levying execution upon real property. He neither takes, keeps, nor holds real property after a levy thereon. By virtue of an execution against real property the officer simply gives the notice of sale required by subdivision 3 of section 692 of the Code of Civil Procedure, and at the date mentioned in the notice, sells the property at public auction, giving to the purchaser thereof a certificate of sale, which entitles the latter to a sheriff's deed one year thereafter. On the other hand, in most cases when personal property is levied upon, as we have stated before, the officer takes possession thereof, and keeps and holds the same until sold by him, or other disposition is made thereof. Other provisions of the section might be mentioned which lead to the inference that said section is only applicable to personal property when claimed by a third person after an execution is levied thereon. We think, however, that the only reasonable inference to be drawn from those discussed above is that this section of the code applies only to personal property and has no application to real property levied upon under execution when claimed by a third person. ■
The remedy of a person claiming to be the owner of real property sold under execution for the debt of another, if he wishes to put in issue the legality of the sale, is an action to quiet title to the real property sold against the purchaser. He loses no right by the sale of his property under a judgment against another, for it is so well settled as not to require citation of authorities that the purchaser of real property at execution sale acquires only the judgment debtor's interest therein. Therefore, if a third person is the owner of the real property sold, the purchaser thereof acquires no interest therein adverse to that of the owner.

At the time section 689 of the Code of Civil Procedure was amended in 1933, sections 549, 519 and 89 of the same code were also amended. Section 549 provides that where a third person claims as his property any personal property attached, the rules and proceedings applicable in cases of third party claims after levy under execution shall apply. In other words, section 549 of the Code of Civil Procedure, makes section 689 applicable in cases where a third person claims as his own personal property attached. The same provision is found in section 519 of the Code of Civil Procedure, in an

action in claim and delivery when the property is claimed by a third person. It is reasonable to infer from these sections of the code, amended to read in their present form at the same time that section 689 of the Code of Civil Procedure, was amended, that the legislature intended to make the procedure provided in section 689 applicable in all cases when personal property is seized by an officer and at the same time is claimed by a third person. When we consider the amendment to section 89 of the Code of Civil Procedure, this inference is much stronger, if not conclusive. This section defines the jurisdiction of municipal courts, and in subdivision g of said section, we find that municipal courts are given jurisdiction ''in proceedings under section 689 of this code, or any amendment thereof, to determine title to personal property, seized in an action pending in, or upon execution issued by, such court''. The only reasonable construction to give this provision of said section is that proceedings under section 689 of the Code of Civil Procedure are intended exclusively to determine title to personal property seized under execution.

A further observance which we think might add weight to the conclusion that said section 689 is only applicable to personal property seized under execution and claimed by third persons, is that the word ''property'', found in the first sentence of said section, is to be found in the text of the old Practice Act, from which said section was taken, and in section 689 as originally enacted, and in every amendment thereof, up to the present time, in the same relative position as it now occupies in said section. During this time, which covers almost the whole history of our state, this section of the code, or its predecessor in the Practice Act, has been before the appellate courts of this state in various phases of litigation on scores of occasions, and an examination of these cases involving said litigation shows that in not a single instance before the present action, so far as we have been able to discover, has any attempt been made to apply said section to real property. From these circumstances, we must draw the irresistible conclusion that the profession during these many years has regarded the section as only applicable to personal property. This contemporaneous construction of the section by the legal profession of the state must be taken as strongly indicating that the only reasonable construction to be given to said section is in line with that accorded to

it during the years past as only applying to personal property.

The other questions raised by the briefs of the parties are not of any importance on this appeal in view of our conclusion that said section is not applicable to real property. It is not proper, therefore, that we should pass upon them.

The judgment is reversed with directions to the trial court to dismiss the proceedings.

Langdon, J., Edmonds, J., Thompson, J., Waste, C. J., Shenk, J., and Seawell, J., concurred.