[Civ. No. 12156. Second Appellate District, Division Two.—April 3, 1939.]

EDITH E. KEIM, Appellant, v. WILLIAM ROETHER et al., Defendants; HARRY C. LANDSTROM et al., Respondents.

Lucile Conrey and Thorwald Siegfried for Appellant.

Hill, Morgan & Bledsoe and Stanley S. Burrill for Respondents.

WOOD, J.—Plaintiff, the owner of a lot in the city of Pasadena and certain acreage in Tulare County, charges in her complaint that the six defendants therein named "conspired and confederated together with intent to defraud the plaintiff . . . and to fraudulently obtain possession of and title to" her property. She asks for a judgment compelling defendants to reconvey the property to her free of liens and to pay a large sum as damages, both compensatory and punitive. The trial court rendered judgment in plaintiff's favor as against defendants McCabe and Roether. The

judgment is in favor of defendants Landstrom, and plaintiff appeals from this part of the judgment.

The appeal is on the judgment roll alone. From the findings and the admissions contained in the pleadings it appears that plaintiff, an elderly woman, was the aunt of Mrs. Velma Roether, one of the defendants. Defendant McCabe, who later was prosecuted and entered a plea of guilty to a criminal charge growing out of the transaction with which this litigation is concerned, interested defendants Roether in a certain fraudulent promotion referred to in the briefs as "the McCabe deal". McCabe offered the Roethers $10 to be returned for each $1 paid in by them and obtained $1800 from them. McCabe represented that he was the owner of a certain patent on a cotton gin and that the money to be raised was needed for the purpose of facilitating the activities of McCabe in disposing of the patent and to help defray McCabe's expenses on a trip to Texas, where the sale of the patent would be consummated within three weeks. Defendants McCabe and Roethers outlined "the McCabe deal" to plaintiff and held out the inducement that McCabe would purchase her property. Thereafter certain of the defendants, first the Roethers and then McCabe, went to Bakersfield and talked to defendants Landstrom concerning "the McCabe deal". They told defendants Landstrom that land owned by plaintiff would be conveyed to defendants William and Velma Roether so that the last-named defendants could borrow money thereon and invest it in the deal controlled by McCabe. They told them that McCabe was a reliable and experienced business man, that the deal was of great magnitude, that McCabe might arrange to purchase a sixteen cylinder Cadillac automobile from the Landstroms and upon consummation of the sale of the patent might purchase several other automobiles. Plaintiff conveyed her real estate to defendants William and Velma Roether, knowing that it was to be used by them as security for the purpose of borrowing money thereon and that the money to be borrowed would be delivered to McCabe. Before making the conveyance plaintiff consulted an attorney and was advised by the attorney not to proceed in the matter. Defendants Landstrom loaned several thousand dollars to defendants Roether, which in turn was turned over to McCabe. Of this sum $1200 was represented by credit on the purchase of an automobile de-

livered to McCabe. Defendants William and Velma Roether delivered to plaintiff their promissory note in the sum of $14,000 secured by a second trust deed, the first trust deed being held by defendants Landstrom.

There is no finding that defendants Landstrom made any representations or statements of any kind to plaintiff. On the contrary, the court specifically found that defendants Landstrom were not parties to any conspiracy to defraud plaintiff or to obtain possession of or title to her property. The Landstroms did in fact lend the sums of money to which reference has been made. The trial court also found: ''The court finds that the defendants Harry C. Landstrom and Lucile H. Landstrom in making the loans hereinbefore described were acting at all times without knowledge as to the false and fraudulent representations made to plaintiff by the defendant Frank E. McCabe and did in fact lend the various sums of money hereinabove referred to to the defendants William Roether and Velma Roether and that they lent the said sums in good faith and had no notice either actual or constructive of the fraud practiced upon plaintiff by the other named defendants and that said defendants Harry C. Landstrom and Lucile H. Landstrom are innocent holders for value of the following described notes and deeds of trust: . . . ''

Since the appeal is on the judgment roll alone the findings are conclusively presumed to be supported by the evidence; they are to receive, if possible, such a construction as will uphold rather than defeat the judgment of the court; they must be liberally construed and any ambiguity or inconsistency must be resolved in favor of sustaining the judgment. On such an appeal every presumption and intendment is resolved in favor of the regularity of the proceedings in the trial court. The judgment will not be reversed except for some fatal error appearing on the face of the judgment roll. (*Estate of Woods*, 23 Cal. App. (2d) 187 [72 Pac. (2d) 258]; *Chow* v. *City of Santa Barbara*, 217 Cal. 673 [22 Pac. (2d) 5].) From the findings it appears that defendants Landstrom not only made no false representations to plaintiff and took no part in the conspiracy to defraud her, but that they were themselves induced to lend money by the false representations made by

74

McCabe. We find nothing in the record to compel a judgment in favor of plaintiff as against the Landstroms.

Plaintiff argues that certain conclusions of law are contained among the findings of fact and specially argues that the court's findings concerning good faith and notice should have been placed among the conclusions of law. Regardless of this contention, it has not been shown that she has been prejudiced, since the conclusions made must necessarily follow from the findings made by the court.

Plaintiff argues that defendants Landstrom had constructive notice of her rights by reason of the fact that the real estate conveyed by her to the Roethers was at all times in the possession of plaintiff's tenants. It is argued that the Landstroms could have learned upon inquiry that plaintiff still claimed ownership of the property. This contention cannot assist plaintiff's cause, since the Landstroms could not have learned any additional material fact upon making inquiries of plaintiff. It was not known by plaintiff herself that McCabe's representations were false until she later read in the newspaper of his arrest on a criminal charge. On the other hand, it was well known to both plaintiff and defendants that plaintiff's land was being conveyed to the Roethers in order that money might be borrowed to be used in "the McCabe deal".

The portion of the judgment from which appeal is taken is affirmed. The purported appeal from the order made July 28, 1936, is dismissed.

Crail, P. J., and McComb, J., concurred.