[L. A. No. 18415.   In Bank.   July 15, 1943.]

FRANK EMERY TIFFANY, Respondent, v. GEORGE A. SHORT et al., Appellants.

Allan J. Carter and Carroll Weberg for Appellants.

Chas. R. Stead for Respondent.

SHENK, J.—The plaintiff commenced this action for the dissolution of a partnership, for an accounting and for the appointment of a receiver. Defendants filed a cross-complaint seeking rescission of the contract. The court decreed a dissolution of the partnership, and made an order settling the account. On their appeal the defendants contend that the evidence supports the issue raised by their cross-complaint and that the trial court erred in finding that fraud was not committed by the plaintiff. They also urge error in the trial court's division of the assets of the partnership upon dissolution.

On February 17, 1940, the plaintiff, Tiffany, and the defendants Short and Hill, entered into a written ''Joint Venture Agreement'' for the production and sale of an ultra-violet ray device designed to ''prevent and cure and alleviate deafness.'' The device had been developed by Tiffany and he was to supervise its manufacture in his own laboratory. Short was to advance sums from time to time to carry on the work. Hill was to assist with the sale of the product. The ''Net income'' was to be shared equally by the parties. Short advanced $2,060 before the dissension arose, which was about four months after the agreement had been signed and work on the enterprise had commenced. In June Hill asked Tiffany for an accounting. The request was not complied with. Tiffany suggested a purchase by him of the interests of Short and Hill for $2,060 plus interest at 7% from March 1, 1940. Tiffany was given an option to purchase until August 20, 1940. The option was not exercised. Negotiations continued until some time in March, 1941, when counsel for Hill and Short demanded an accounting. Tiffany thereupon filed the present action.

The defendants contend that they are entitled to a rescission not only on the ground of fraud but on the additional ground of failure of consideration. They charged fraud in that Tiffany had represented that the instrument or device was already perfected and would be demonstrated at the Hard of Hearing Congress in June 1940, but that no such demonstration was made; that he would obtain Letters Patent covering the ultra-violet ray device, but that no steps were taken to that end; that certain tools were his own property which he had in fact purchased with partnership funds; and that he claimed to have paid prices for tubes and transformers higher than he actually paid. Tiffany's account charged the

joint venture with an expenditure of $750 during the first five months of operations for rental of his own laboratory and for his own services. The written agreement did not provide for those items. There was evidence that one of the devices had been sold, but that it was not manufactured from partnership materials. The manufacture of five or six other sets had been completed.

The evidence on the issue of fraud was in substantial conflict. It was therefore an issue for the trial court to determine. It found that there was no fraud in the inducement of the contract and concluded that the defendants were not entitled to rescission.

There is merit in the defendants' contention that the court's division of assets was erroneous. It was found that of the $2,060 advanced by Short, the plaintiff had paid out $1,506.04 with authority, and was chargeable with a balance of $553.96 as unauthorized expenditures, but that the latter expenditures had not been made with fraudulent intent. The court rendered judgment in favor of the defendants for $369.47, a two-thirds share of the $553.96 and allowed the plaintiff to retain one-third thereof. The court appointed a receiver to sell the assets of the partnership and ordered distribution of the proceeds one-third to each party.

The trial court found that the agreement was a joint venture. The general rule applicable to dissolution in such cases is that in the absence of an express agreement to the contrary, the person advancing capital is entitled to its return before there is a division of income or profits. The rule is stated in 47 Corpus Juris 1172, section 861 as follows: "Upon dissolution of a firm the capital remaining after payment of the debts should be divided in accordance with the respective interests of the partners. While it has been said that, in the absence of any evidence showing a contrary intent, capital will be divided equally, the general rule is that each partner is entitled to the amount of capital that he contributed, this being regarded as a debt of the firm to be repaid in whole if the firm assets are sufficient, and pro rata if firm assets are insufficient." It is further stated (page 1173) that a partner contributing only services is ordinarily not entitled to a share of capital on dissolution. (See also 47 C.J. 1163-1164, secs. 848, 849; 30 Am.Jur. 690, 704, secs. 27, 51, and cases cited.) The decision in *Guldstrand* v. *Johnson, Carvell & Murphy*, 37 Cal.App.2d 610 [99 P.2d 1065], is in accord

with this general rule. That was an action for an accounting in a joint venture. The trial court found that the defendant by the terms of the agreement was to furnish the capital necessary to make all purchases of stock and materials and that it was not entitled to a refund of the money spent for that purpose. On appeal the judgment was reversed. The reviewing court concluded from the terms of the agreement and the statements rendered in the previous four and one-half years' business that the funds were to be considered as an advance, and that therefore the defendant was to receive credit and be reimbursed for such expenditures. Since the amount remaining was insufficient to reimburse the defendant, plaintiff recovered nothing. In the present case there was no specific agreement as to division of assets upon dissolution. Therefore a division and distribution into equal parts before the return of capital, all of which had been advanced by one partner, would be improper. None of the manufactured devices had been distributed by the partnership. There had been no sales. It is clear from the terms of the agreement that the funds furnished by defendant Short were in the nature of advances, since they were to be furnished by him "until such time as the revenues and net income from the above-mentioned enterprises shall suffice to make further investment unnecessary." On dissolution the profits could be measured only after Short had been reimbursed. There was no agreement to the contrary and his advancements were therefore a debt of the firm.

The judgment should be and it is hereby modified to provide that, in lieu of the present provision relating to money judgment and division of proceeds from the sale of assets, the defendant George A. Short is entitled to the sum of $553.96 as against the plaintiff Tiffany; that the receiver shall proceed to sell the assets of the partnership and apply the proceeds first to the payment of the sum of $1,506.04 to the defendant Short, and that any remaining proceeds be distributed one-third to each of the parties, the one-third share of the plaintiff to be applied on the judgment of $553.96 in favor of the defendant Short until such judgment is satisfied.

As so modified, the judgment is affirmed.

Gibson, C. J., Curtis, J., Edmonds, J., Carter, J., Traynor, J., and Schauer, J., concurred.