FLORENCE OAKLEY et al., Appellants, v. AL ROSEN, Respondent.

Walley & Davis for Appellants.

Harold A. Fendler and Bertin A. Weyl for Respondent.

MOORE, P. J.—In a joint complaint appellants sued appellee for the sums of $2,400 and $1,200 alleged to be amounts paid by them respectively for 10 per cent and 5 per cent interest in the profits to be realized by appellee from a dramatic production contract with the authors dated September 24, 1942. By such contract appellee had undertaken to produce and present a play entitled ''Harem Scarem.'' It is also alleged that one Ben Blumenthal and one Israel Slavin were investors to the extent of 5 per cent and 30 per cent respectively in the ''Harem Scarem'' contract, and that both signed the same agreement with appellants and appellee. Appellants base their right of recovery upon the claim that appellee sold such interests without first having obtained from the Commissioner of Corporations a permit so to do, as required by section 3 of the Corporate Securities Act. (Stats. 1917, p. 673,

as amended; 2 Deering's Gen. Laws, Act 3814.) They alleged that they were unaware of appellee's failure to comply with the law; that they relied upon the validity of the contract; and that the instrument is void in that it was made with the intention of evading the provisions of the last mentioned statute.

The court determined practically all of the substantial allegations of appellants to be untrue; that the agreement signed by appellants was for the prosecution of a joint venture; that no securities were ever negotiated, sold, offered for sale or issued by appellee to either appellant; that while no permit was ever issued to or applied for by appellee, none of the investors believed a permit to be necessary and none of them intended to violate the Corporate Securities Act, but that all believed the agreement with appellee to be valid. From the judgment denying to appellants relief they have lodged this appeal on the judgment roll.

They contend now that the court's finding that the transaction constituted a joint venture is meaningless for the reason "that it is not a finding of fact but a conclusion of law"; that the "trial court could only conclude, as a matter of law, that from the facts found the transaction in question constituted a joint adventure."

No inhibition exists against a court's finding that an agreement was for the prosecution of a joint adventure. It was so found in *Tiffany* v. *Short*, 22 Cal.2d 531 [139 P.2d 939], and in *Hansen* v. *Burford*, 212 Cal. 100 [297 P. 908], and no adverse comment followed. In the latter case it was held that the finding of a joint adventure was one of probative fact. While it may be a legal conclusion thus to differentiate such an agreement from a contract for a copartnership or a corporate organization, yet it becomes a finding of fact when it distinguishes a contract for a joint venture from a certificate of stock, a bond or other type of security referred to in the Corporate Securities Act. While the law requires a valid judgment to be supported by findings of fact (*Berg* v. *Berg*, 56 Cal.App.2d 495 [132 P.2d 871]), it is equally well settled that when an appeal is based upon the judgment roll alone a reversal cannot be ordered except for a fatal error on the face of the judgment (*Keim* v. *Roether*, 32 Cal.App.2d 70 [89 P.2d 187]); that on such an appeal the only question presented is whether the findings support the judgment (*Derrer* v. *Keller Gold Mines, Inc.*, 63 Cal.App.2d 606 [147

P.2d 102]), and that the findings must be given such construction as will uphold rather than defeat the judgment. (*Ibid.*)

Not only did the court herein make a direct finding that the instrument signed by the investors was for the prosecution of a joint venture, but it found also that in August, 1942, Florence Oakley notified appellee in New York City that she desired to participate with him ''in the joint venture of financing and producing said play''; that during the month of September, 1942, appellee ''caused to be prepared, in the City of New York the agreement of joint venture'' which was executed in New York by Ben Blumenthal and appellee about the 26th day of September, 1942; that it was subsequently signed by Florence Oakley in California October 10, 1942, at which time she transmitted $2,400 to Rosen which he ''forthwith transmitted to . . . New York for deposit . . . in the bank account maintained by said joint venture . . . in . . . New York''; that a counterpart of the agreement was signed by G. C. Oakley in Los Angeles, October 16, 1942, when he forwarded his $1,200 to appellee in New York, which sum was also deposited in the bank account of the joint venture. In their separate notices of rescission both plaintiffs referred to the enterprise in which they had invested as ''a joint venture for the producing of a play, entitled Harem Scarem.''

Such findings and the reasonable inferences therefrom in the absence of the reporter's transcript furnish generous support for the conclusion that the instrument signed was for the conduct of a joint adventure. (*Goldberg* v. *List*, 11 Cal.2d 389 [79 P.2d 1087, 116 A.L.R. 900].) The agreement contains no distinct markings that should deny its classification as an agreement for a joint adventure. On the contrary it possesses every element requisite to such an agreement. (30 Am.Jur. § 3, p. 677.) Rosen had acquired by contract the right to exploit a play. He was in need of finances with which to proceed with his plans. Appellants supplied a portion of the funds on the conventional basis of taking their pro rata shares of the profits to be earned from the specific enterprise which was to be conducted by appellee as the producer. Because it does not differ in its essentials from joint ventures for mining, building, promotion and other undertakings, it can be nothing but an agreement for a joint adventure. (*Tiffany* v. *Short, supra; Hansen* v. *Buford, supra.*) The fact that appellee was to produce the play without the assistance of appellants makes it nonetheless a joint venture. Many suc-

cessful enterprises owe their pronounced achievements to the program and direction of a single mind.

Certain incontestable facts determined the forum of the agreement. By its terms the instrument provides that the joint venture shall maintain its offices in New York City and the Oakleys transmitted their moneys to that metropolis for deposit. Although appellants signed the document in California in October, Mr. Slavin, the last subscriber, did not affix his signature thereto until November. Since it provided that the funds invested would not be used until $12,000 had been subscribed, the agreement was not complete until Slavin had signed it and paid his money in New York. Such acts being the last steps essential to its completion it was a New York contract (*Gas Appliance Sales Co.* v. *W. B. Bastian Mfg. Co.*, 87 Cal.App. 301, 306 [262 P. 452]; *Fitzhugh* v. *University Realty Co.*, 46 Cal.App. 198, 199 [188 P. 1023]), and for that additional reason the California Corporate Securities Act could have had no application to it even though some of its signers had become signatories in California. (*Robbins* v. *Pacific Eastern Corp.*, 8 Cal.2d 241 [65 P.2d 42].)

But without regard to the place of its origin the agreement cannot reasonably be construed as a security within the meaning of the Corporate Securities Act. Making criminal by statute an act which had not been forbidden by the common law requires that the legislative language be strictly construed. (*Cook* v. *Superior Court,* 12 Cal.App.2d 608, 611 [55 P.2d 1227].) As thus construed it cannot be said that an agreement which designated itself to be one for a joint venture and which the parties treated as such is a security within the contemplation of the act. The court determined that it was a joint venture and that no security was ever sold or offered for sale by appellee to appellants. The facts that no such instrument as the agreement in question was listed as a security in the Corporate Securities Act and that it has never been construed as a security justifies the inference that the Legislature had no intention that it should be so regarded. (*First National Bank* v. *Kinslow,* 8 Cal.2d 339, 346 [65 P.2d 796].)

It has been held that an agreement whereby 10 men each invested $500 in a joint venture to purchase an oil lease was not a security (*Lindenmulder* v. *Shoup,* 258 Mich. 679 [242 N.W. 807]); that an agreement of 14 men to purchase 240 acres for a speculation, one man acting as trustee and title

holder for the group, was not within the contemplation of the Blue Sky Law (*Polk* v. *Chandler*, 276 Mich. 527 [268 N.W. 732]) ; and that an agreement of a group of persons to purchase an oil lease could not "be construed in such a manner as to prohibit persons from associating for the purchase of lands or interests therein as partners or otherwise," as contemplated by the Blue Sky Law. (*Hanneman* v. *Gratz*, 170 Minn. 38 [211 N.W. 961]). ▮ While a contract for a joint adventure might be used as a subterfuge whereby to evade the requirements of the Corporate Securities Act, yet such attempted evasion must be found as a fact before the author of the scheme may be subjected to the penalties that flow from such violation. There was no such finding in the case at bar but on the contrary all the findings and every intendment to be given them belie the contention that the agreement was not intended to be and in fact was not a security but was a valid contract and in no respect subject to the supervision of the Corporation Commissioner. (See *People* v. *Davenport*, 13 Cal.2d 681 [91 P.2d 892].)

The authorities cited by appellants are readily distinguishable. The facts of such cases disclose either that the violator had transgressed the letter of the statute (*Domestic & F. Petroleum Co.* v. *Long*, 4 Cal.2d 547 [51 P.2d 73] ; *People* v. *Oliver*, 102 Cal.App. 29 [282 P. 813] ; *People* v. *McCabe*, 60 Cal.App.2d 492 [141 P.2d 54] ; *Mary Pickford Co.* v. *Bayly Bros., Inc.*, 12 Cal.2d 501 [86 P.2d 102] ; *Boss* v. *Silent Drama Syndicate*, 82 Cal.App. 109 [255 P. 225]) or the trial court found that the device or scheme used was a disguised attempt to evade the statute (*Moore* v. *Stella*, 52 Cal.App.2d 766 [127 P.2d 300] ; *Auslen* v. *Thompson*, 38 Cal.App.2d 204 [101 P.2d 136] ; *Gillis* v. *Pan American West Pet. Co.*, 3 Cal.2d 249 [44 P.2d 311]).

Judgment affirmed.

McComb, J., and Wilson, J., concurred.