178 Cal.App.2d 614 (1960)
3 Cal. Rptr. 285
GEORGE B. STILWELL et al., Appellants,
v.
MARTIN TRUTANICH et al., Respondents.
Docket No. 23943.
Court of Appeals of California, Second District, Division Two.
March 4, 1960.
*616 Wise & Kilpatrick and George E. Wise for Appellants.
Stephenson & Yelovich, George M. Stephenson and Allan F. Bullard for Respondents.
HERNDON, J.
Plaintiffs appeal from a judgment dismissing their complaint for an accounting following a ruling which sustained defendants' objection to the introduction of any evidence on the ground that no cause of action was stated. The sole question presented is whether the complaint sufficiently alleges the existence of a joint venture relationship between plaintiffs and the defendants.
*617 Plaintiffs brought this action for an accounting to apportion losses incurred in connection with an alleged joint venture. All of the defendants answered. At the time of the pretrial conference, one of the defendants submitted a memorandum of points and authorities in support of a motion to dismiss the complaint for failure to state a cause of action; however, although the document was filed, no such motion was made prior to trial. A pretrial order was made, containing the statement: "The pleadings are proper and the issues joined." At the trial, plaintiffs submitted a trial memorandum of points and authorities, including a brief résumé of the facts which they intended to prove. The first witness was called and defendants objected to the introduction of evidence on the ground that the complaint failed to state a cause of action. The objection was sustained, a motion to dismiss was granted and judgment was entered for defendants.
[1] The well-established principles with respect to a defendant's objection to the introduction of evidence are set forth in Miller v. McLaglen, 82 Cal. App.2d 219, 223-224 [186 P.2d 48], where the court stated: "An objection to the introduction of any evidence on the ground that a complaint fails to state a cause of action is in the nature of a general demurrer to the complaint or a motion by a defendant for judgment on the pleadings. (Redondo Improvement Co. v. Redondo Beach, 3 Cal. App.2d 299, 302 [39 P.2d 438]; Osborne v. Abels, 30 Cal. App.2d 729, 730 [87 P.2d 404]; Smith v. Randall, supra, 51 Cal. App.2d 195, 197 [124 P.2d 334]; Smith v. Beauchamp, 71 Cal. App.2d 250, 251 [162 P.2d 662].) [2] An objection by a defendant to the introduction of any evidence may only be sustained where the complaint fails to state a cause of action, and that is the sole question presented to the court. (Hibernia Sav. & Loan Soc. v. Thornton, 117 Cal. 481, 482 [49 P. 573]; Union Flower Market, Ltd. v. Southern California Flower Market, Inc., 10 Cal.2d 671, 673 [76 P.2d 503]; Rannard v. Lockheed Aircraft Corp., 26 Cal.2d 149, 151 [157 P.2d 1]; Weisz v. McKee, 31 Cal. App.2d 144, 147 [87 P.2d 379].) [3] Upon such an objection the allegations of the complaint must be accepted as true for the purposes of the objection. (Seeger v. Odell, 18 Cal.2d 409, 412 [115 P.2d 977, 136 A.L.R. 1291]; Williams v. San Francisco, 24 Cal. App.2d 630, 633 [76 P.2d 182].) [4] Such an objection by a defendant will only lie where the admitted averments of the complaint justify a judgment *618 for the defendant, i.e., where no material issue is joined which it is necessary to prove. (21 Cal.Jur. 234, § 163.) Nothing dehors the complaint may be considered. No defense set up in the answer may be considered. The truth of the allegations of the complaint must be assumed. If the complaint states a cause of action the objection must be overruled. (Elmore v. Tingley, 78 Cal. App. 460, 464 [248 P. 706]; North Side etc. Assn. v. Hillside etc. Park, 70 Cal. App.2d 609, 613 [161 P.2d 618].)" (To the same effect see Campbell v. Clark, 159 Cal. App.2d 432, 434 [324 P.2d 51]; 39 Cal.Jur.2d 448-449, Pleading, § 330, and cases therein cited.) [5] In addition, "[t]he practice of pleading to the merits, encouraging the opposite party to prepare for trial and then at trial interposing the objection that the pleading is not sufficient to let in evidence is not favored by the courts; and so where objection to the sufficiency of a pleading is first raised at the trial such pleading will be construed liberally and every reasonable intendment indulged in its favor." (Gallagher v. California Pac. Title & Trust Co., 13 Cal. App.2d 482, 486 [57 P.2d 195]. See also 39 Cal.Jur.2d 447, Pleading, § 328.)
[6] A joint venture is an undertaking by two or more persons jointly to carry out a single enterprise for profit. (James v. Herbert, 149 Cal. App.2d 741, 748 [309 P.2d 91]; Goldberg v. Paramount Oil Co., 143 Cal. App.2d 215, 219 [300 P.2d 329]; Nelson v. Abraham, 29 Cal.2d 745, 749 [177 P.2d 931]; Brown v. Fairbanks, 121 Cal. App.2d 432, 440 [263 P.2d 355]; Hansen v. Burford, 212 Cal. 100, 109 [297 P. 908]; Martter v. Byers, 75 Cal. App.2d 375, 383-384 [171 P.2d 101]; Keyes v. Nims, 43 Cal. App. 1, 9 [184 P. 695]; Sime v. Malouf, 95 Cal. App.2d 82, 95-96 [212 P.2d 946, 213 P.2d 788]. See also 28 Cal.Jur.2d 475-476, Joint Adventurers, § 2; 33 C.J. 841; 48 C.J.S. 801-802.) [7] It has been stated that the elements of a joint venture are: (a) a community of interest in the subject of the undertaking; (b) a sharing in profits and losses; (c) an "equal right" or a "right in some measure" to direct and control the conduct of each other and of the enterprise; and (d) a fiduciary relation between or among the parties. (Larson v. Lewis-Simas-Jones Co., 29 Cal. App.2d 83, 89 [84 P.2d 296]; Beck v. Cagle, 46 Cal. App.2d 152, 161 [115 P.2d 613]. See also 28 Cal.Jur.2d 478, Joint Adventurers, § 3.) [8] The existence of a joint venture depends on the intention of the parties. (James v. Herbert, supra, 149 Cal. App.2d 741, 748; *619 Universal Sales Corp. v. California etc. Mfg. Co., 20 Cal.2d 751, 764-765 [128 P.2d 665].)
[9] A community of interest may exist although the property forming the capital of the adventure is not jointly owned by the parties (Brown v. Fairbanks, supra, 121 Cal. App.2d 432, 441, and cases cited) and although one of the parties has contributed money, another property and another skill to the enterprise. (James v. Herbert, supra, 149 Cal. App.2d 741, 748.) [10] Although it is usual to provide for an equal sharing of profits and losses, the parties may agree to an unequal distribution of the profits, or they may agree that all the parties shall participate in the profits and only certain of them in the losses. (James v. Herbert, supra.) [11a] In addition, the omission of a provision for the sharing of losses in a joint venture is immaterial since in the absence of agreement, the law implies a provision that losses are to be shared among the parties in the same proportion as profits were to have been divided. (Fitzgerald v. Provines, 102 Cal. App.2d 529, 536 [227 P.2d 860]; Parker v. Trefry, 58 Cal. App.2d 69, 75 [136 P.2d 55]; Martter v. Byers, supra, 75 Cal. App.2d 375, 383; Brown v. Fairbanks, supra, at 440.)
[12] Although it has been said that joint control of the undertaking and equal power to direct the enterprise is an essential element of a joint venture (Spier v. Lang, 4 Cal.2d 711, 715-716 [53 P.2d 138]; Wiltsee v. California Emp. Com., 69 Cal. App.2d 120, 126, 128 [158 P.2d 612]; Beck v. Cagle, supra, 46 Cal. App.2d 152, 161; Larson v. Lewis-Simas-Jones Co., supra, 29 Cal. App.2d 83, 89) this is not to say that there cannot be a joint venture where the parties have unequal control of operations. The requirement of authority and control has been construed to mean that while in the absence of special agreement one joint venturer cannot bind the others, "they may by agreement grant authority to one or more of their number which would not be implied from the relationship alone." (Sime v. Malouf, supra, 95 Cal. App.2d 82, 95-96 and cases cited. See also Foster v. Keating, 120 Cal. App.2d 435, 452 [261 P.2d 529]; Palmer v. Crafts, 16 Cal. App.2d 370, 374 [60 P.2d 533].) In Oakley v. Rosen, 76 Cal. App.2d 310 [173 P.2d 55], it was held that an agreement under which plaintiffs merely invested money in a play to be produced by the defendant possessed all essential elements of a joint venture. The court stated (at pp. 313-314): "[Plaintiffs] supplied a portion of the funds on the conventional basis of *620 taking their pro rata shares of the profits to be earned from the specific enterprise which was to be conducted by [defendant] as the producer. Because it does not differ in its essentials from joint ventures for mining, building, promotion and other undertakings, it can be nothing but an agreement for a joint adventure. [Citations.] The fact that [defendant] was to produce a play without the assistance of [plaintiffs] makes it nonetheless a joint venture. Many successful enterprises owe their pronounced achievements to the program and direction of a single mind."
[13] Under ordinary circumstances, the rights among joint venturers may be adjusted only in an action for an accounting. (Martyn v. Leslie, 137 Cal. App.2d 41, 61-62 [290 P.2d 58]; Cunningham v. de Mordaigle, 82 Cal. App.2d 620, 621-622 [186 P.2d 423]; Danelian v. McLoney, 124 Cal. App.2d 435, 441 [268 P.2d 775]; Elias v. Erwin, 129 Cal. App.2d 313, 318 [276 P.2d 848]. And see 28 Cal.Jur.2d 503, Joint Adventurers, § 15.) [14] "[A] complaint [for an accounting] need only state facts showing the nature of the relationship that requires an accounting and that some balance is due the plaintiff.... [A]ny other issues are raised by the account and the exceptions thereto, not by the pleadings." (1 Cal.Jur.2d 429, Accounts and Accounting, § 91. See also Whann v. Doell, 192 Cal. 680, 684 [221 P. 899].)
[15] Interpreted in the light of these rules, we believe that the complaint in the case at bar adequately states a cause of action for an accounting. It pleads and incorporates a written joint venture agreement to which one of the defendants was an undisclosed principal. The agreement is denominated "Joint Venture Agreement" and refers to the plaintiffs, doing business as a seafood company, and the defendants, owners of a vessel and ship-captain, as joint venturers. The agreement contemplates the making of a single voyage into Mexican waters to purchase, transport and ultimately sell sea-food products. It designates the percentage of the net profits which each party shall receive. The complaint further alleges that the voyage referred to in the agreement was completed, that the venture suffered financial losses and that said losses were borne by plaintiffs who were not reimbursed therefor in accordance with the terms of the agreement.
Taking these facts to be true, it must be accepted that the parties expressly declared their intention to establish among themselves the relationship of joint venturers. [11b] We must also assume that some balance is due the plaintiffs for, *621 while the agreement itself does not specifically provide for the manner in which the losses of the venture are to be divided, the law implies an obligation on the part of the coadventurers to bear losses in the same proportion as they agreed to divide the profits. (Brown v. Fairbanks, supra, 121 Cal. App.2d 432, 440; Fitzgerald v. Provines, supra, 102 Cal. App.2d 529, 536; Parker v. Trefry, supra, 58 Cal. App.2d 69, 75. And see 28 Cal.Jur.2d 495, Joint Adventurers, § 13, and cases cited.)
[16] The fact that the defendants Trutanich had no right to direct their coadventurers in the making of the voyage, procuring of the seafood and selling of the products does not negative the existence of a joint venture since, by a written agreement, they delegated their authority. (Cf. Sime v. Malouf, supra, 95 Cal. App.2d 82, 95-96; Oakley v. Rosen, supra, 76 Cal. App.2d 310.)
[17] Defendants contend that a charter agreement, referred to in the joint venture agreement incorporated in the complaint, establishes that the relationship among the parties was not that of joint venturers but was instead a bareboat charter. The answer to this argument is that any matters of defense or other agreements among the parties are matters dehors the complaint and may not properly be considered in determining the sufficiency of this complaint. (Miller v. McLaglen, supra, 82 Cal. App.2d 219, 224, and cases cited.) However, even if the charter agreement is considered on this appeal, any inferences which may be drawn therefrom contrary to those arising from the joint venture agreement create at most an ambiguous situation subject to interpretation by parol evidence. (Isenberg v. Salyer, 62 Cal. App.2d 938, 941-942 [148 P.2d 691].) Such evidence, on both sides, should be presented at a trial on the merits.
The judgment dismissing plaintiffs' complaint is reversed.
Fox, P.J., and Ashburn, J., concurred.