Filed 4/2/13  Espinosa v. Department of Child Support Services CA3

### NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| GEORGE Q. ESPINOSA, | C063114 |
| Plaintiff and Appellant, | (Super. Ct. No. 07CS00698) |
| v. | |
| DEPARTMENT OF CHILD SUPPORT SERVICES, | |
| Defendant and Respondent. | |

Plaintiff George Espinosa, in propria persona, appeals from a judgment of the trial court denying his petition for writ of administrative mandate.  Plaintiff contends defendant Department of Child Support Services (DCSS) erred in denying him relief from efforts by the Family Support Division of the Placer County District Attorney's Office, as the Local Child Support Agency (LCSA), to collect child support arrears from his social security disability benefits.  We disagree and affirm the judgment.

1

On October 23, 1984, JoAnn Espinosa (JoAnn) filed a petition in the Placer County Superior Court to dissolve her marriage with plaintiff. On December 20, 1984, that court entered default judgment of dissolution, awarding physical custody of the couple's five minor children to JoAnn and ordering plaintiff to pay child support of $100 per month per child until each child reaches the age of majority. The judgment also required plaintiff to pay spousal support of $150 per month for seven years or until JoAnn remarries, whichever occurs first.

In January 1988, the LCSA obtained a writ of execution against plaintiff in the Placer County Superior Court in the amount of $19,500, based on assignment of JoAnn's right to collect child support to Placer County pursuant to Welfare and Institutions Code section 11477.

In 1991, the LCSA stopped charging plaintiff for ongoing child support obligations, because supplemental social security benefits being received by JoAnn on behalf of the children due to plaintiff's disability (derivative SSA payments) exceeded plaintiff's support obligation to those children.

On June 15, 1999, plaintiff filed in the Placer County Superior Court a declaration for modification of support in which he claimed irregularities in the original dissolution proceeding. In particular, plaintiff asserted he had never been served with process and JoAnn failed to disclose the family home and other property as marital assets. Plaintiff also claimed the county failed to prove "paternity, separation, ability to pay, amount and receipt of public assistance." Plaintiff further sought relief from the judgment on the basis that he had not been gainfully employed since 1983.

On July 14, 1999, plaintiff moved in the Placer County Superior Court to quash the writ of execution previously issued. Plaintiff also obtained an order to show cause regarding support, in which he again claimed the LCSA had failed to prove paternity, his

2

ability to pay support, or the amount of public assistance received by his ex-wife. He also contested the amount of support arrears sought.

On July 21, 1999, the United States Social Security Administration sent plaintiff notice that $100 per month would be deducted from his disability benefits to satisfy the writ of execution issued by the Placer County Superior Court.

The following month, the Placer County Superior Court granted plaintiff's motion to quash the writ of execution. Regarding support arrears, the court indicated: "[Plaintiff's] motion regarding child support and spousal support is also treated as a request to determine arrearages. A ruling on this motion is deferred pending [plaintiff's] filing an additional motion to set aside the Dissolution. . . ."

On September 21, 1999, plaintiff and JoAnn entered into a stipulation that all child and spousal support arrearages are waived. The stipulation states: "Payments made under Social Security Act met support amounts." Three days later, plaintiff filed in the Placer County Superior Court a request for dismissal of child and spousal support arrearages. The record contains no indication as to how the court ruled on that request.

On February 12, 2006, plaintiff filed a request for hearing with the DCSS. In his 21-page, handwritten request, plaintiff asserted various claims, including fraud in connection with the original dissolution judgment as to service of process, the listing of property, and service of the judgment. Plaintiff also asserted JoAnn never filed a motion for support, support could not be ordered retroactively, he did not receive notice of the support obligation until 1999, the order quashing the writ of execution eliminated all support arrears before 1988, all support arrears were satisfied by social security payments to the children, and spousal support was waived. Plaintiff further asserted the county improperly ceased charging support in 1991 without providing him due process and violated the Americans with Disabilities Act.

DCSS issued its decision on plaintiff's request on June 15, 2006. DCSS concluded it had no jurisdiction to adjudicate any claims regarding the validity of the

3

underlying dissolution judgment. DCSS also rejected plaintiff's claim that all arrears up to 1988 had been eliminated by the order quashing the writ of execution. According to DCSS, such arrearages can be eliminated only by payment. Finally, DCSS concluded plaintiff had been credited with all social security payments received by the children to the extent permitted by law.

On June 8, 2007, plaintiff filed a petition for writ of mandate with the court below challenging the decision of DCSS. In the petition, plaintiff asserted support arrears had been calculated incorrectly and DCSS otherwise erred in rejecting his various claims.

On July 17, 2008, plaintiff moved in the same court for an order setting aside the 1984 dissolution judgment issued by the Placer County Superior Court. On September 5, the trial court denied this motion, explaining it had no jurisdiction to set aside a judgment entered by another court.

On May 22, 2009, the trial court ruled on plaintiff's petition. The court explained it had no jurisdiction to overturn the dissolution judgment and concluded the administrative proceedings were appropriate. On July 31, the court entered judgment against plaintiff. Plaintiff appeals from that judgment.

DISCUSSION

I

*Family Code section 17450*

In a nutshell, the present matter is a challenge to child support arrears sought by LCSA as reimbursement for welfare benefits received by JoAnn on behalf of the children during a period when plaintiff was not making the child support payments ordered in the 1984 dissolution judgment. Plaintiff claims primarily that he was not given credit for the full amount of derivative SSA payments received by the children due to his disability. As we shall explain, plaintiff is wrong.

4

Family Code section 5246 authorizes an assignment of earnings, including disability benefits, to satisfy support arrearages. (Further undesignated statutory references are to the Family Code.) Subdivision (d)(2) of that section reads: "If the underlying court order for support does not provide for an arrearage payment, or if an additional arrearage accrues after the date of the court order for support, the local child support agency may send an order/notice to withhold income for child support that shall be used for the purposes described in this section directly to the employer which specifies the updated arrearage amount and directs the employer to withhold an additional amount to be applied toward liquidation of the arrearages . . . ." Subdivision (d)(3) in turn reads: "Notwithstanding paragraph (2), if an obligor is disabled, meets the SSI resource test, and is receiving Supplemental Security Income/State Supplementary Payments (SSI/SSP) or, but for excess income as described in Section 416.1100 et seq. of Part 416 of Title 20 of the Code of Federal Regulations, would be eligible to receive SSI/SSP, pursuant to Section 12200 of the Welfare and Institutions Code, and the obligor has supplied the local child support agency with proof of his or her eligibility for and, if applicable, receipt of, SSI/SSP or Social Security Disability Insurance benefits, then the order/notice to withhold income issued by the local child support agency for the liquidation of the arrearage shall not exceed 5 percent of the obligor's total monthly Social Security Disability payments under Title II of the Social Security Act."

Plaintiff contends the LCSA was barred from collecting arrearages by section 17450, subdivision (c)(2), which reads: "If an obligor is disabled, meets the federal Supplemental Security Income resource test, and is receiving Supplemental Security Income/State Supplementary Payments (SSI/SSP) . . ., and the obligor has supplied the local child support agency with proof of his or her eligibility for, and, if applicable, receipt of, SSI/SSP or Social Security Disability Insurance benefits, then the child support delinquency shall not be referred to the department for collection, and, if referred, shall be withdrawn, rescinded, or otherwise recalled from the department by the local

child support agency.  The department shall not take any collection action, or if the local child support agency has already taken collection action, shall cease collection actions in the case of a disabled obligor when the delinquency is withdrawn, rescinded, or otherwise recalled by the local child support agency . . . ."

Section 17450 has no bearing on the present matter.  It is part of an article added to the Family Code in 2004 titled Delinquent Child Support Obligations and Financial Institution Data Match (FIDM), which established a statewide system for obtaining payment of child support arrears by levying on banks accounts of obligors.  (Stats. 2004, ch. 806, § 6, p. 6152.)  In *In re the Marriage of Hopkins* (2009) 173 Cal.App.4th 281, a case relied upon by plaintiff, the Court of Appeal concluded "an obligor who is disabled and is eligible for or receiving *either* SSI/SSP or SSDI payments, *or*, who but for the federal SSI resource test would be eligible to receive SSI/SSP payments, is exempt from levy" under Family Code section 17450.  (*Hopkins,* at p. 290.)  However, the fact a disabled obligor is exempt from levy under the FIDM system does not mean he or she is also exempt from a wage or benefits garnishment under section 5246.  In *Hopkins*, the local department levied on the obligor's bank account to satisfy support arrearages.  However, at the same time, the department was receiving an assignment of $150 per month form the obligor's disability benefits.  (*Hopkins*, at pp. 283-284.)  The court concluded only that the bank levy was improper under section 17450.

From what we can gather on the limited record before us, there has been no attempt to levy on any bank account or other property of plaintiff.  This matter involves instead a levy on plaintiff's disability benefits to satisfy support arrears.  Neither section 17450 nor *Hopkins* has any bearing on such levy.

6

## II

### *Failure to Calculate Arrears*

Plaintiff contends DCSS failed to give him credit for derivative SSA payments received on behalf of the children during the period when the LCSA was not charging him support. As noted above, the LCSA stopped charging support in 1991, because derivative SSA payments received by JoAnn on behalf of the children exceeded plaintiff's support obligation. Plaintiff argues neither DCSS nor the trial court gave him the proper credit for derivative SSA payments, since neither made a determination of the amount of arrearages owed.

We fail to see how the fact that neither DCSS nor the trial court determined the amount of arrearages, if in fact that is true, proves they failed to give him proper credit for derivative SSA payments received. The issue below was not simply one of accounting for payments received but whether, as a matter of law, plaintiff was entitled to credit for excess derivative SSA payments received during the relevant period. The LCSA ceased charging plaintiff for support obligations once the amount of derivative SSA payments exceeded his monthly support obligation. From that point forward, no further amount was added to the accumulated arrears. However, plaintiff contends he was entitled to have the excess of derivative SSA payments over support obligations credited toward his accumulated arrears. But, as DCSS ruled, the law applicable at the time did not permit such credit. And, as we explain below, DCSS was correct in this conclusion. Thus, there was no occasion for DCSS or the trial court to recalculate arrears.

## III

### *DCSS and Trial Court Proceedings*

Plaintiff contends he was denied due process in the proceedings before the trial court. In particular, plaintiff asserts that, during the hearing on his petition for writ of

7

mandate, the court did not review the findings of the administrative hearing board and, in fact, did not even have those findings before it. According to plaintiff, the issue presented in the administrative matter was the proper accumulation and calculation of arrearages, but the trial court "summarily ruled against [plaintiff] without applying proper case law." Plaintiff argues DCSS improperly dismissed his claim on the basis of California Code of Regulations, title 22, section 120201, subdivision (a)(3)(A), which precludes agency jurisdiction where a challenge to the amount of support arrearages is in fact an attempt to seek relief from enforcement of the underlying child support order.

Plaintiff misreads the record. In his request for a hearing before the DCSS, plaintiff asserted fraud on the part of his ex-wife with respect to the dissolution judgment. As he had done many times before, plaintiff asserted he had not received service of process or service of the judgment and JoAnn failed to disclose certain property. He also claimed JoAnn had never filed a motion for support and support could not have been ordered retroactively. Finally, plaintiff asserted he had not received notice of his support obligation until 1999. All of these claims went to the validity of the underlying dissolution judgment, which included the support obligation. DCSS properly ruled on those claims, concluding it had no jurisdiction over the underlying judgment. Only the Placer County Superior Court has jurisdiction over such matters.

On the issue of credit for derivative SSA payments received on behalf of the children, DCSS ruled: "The evidence further established that the LCSA credited [plaintiff's] account with the derivative Social Security benefits received by the children. The crediting of these payments were [*sic*] consistent with Family Code Section 4504(b) and FSD Letter No. 96-07 as set forth above. To this extent, the complaint is denied." As recited earlier in the DCSS decision, FSD Letter No. 96-07, dated February 8, 1996, provided that, although credit must be given for monthly payments made pursuant to Family Code section 4504, any excess above the amount of support owed "cannot be applied toward futures or arrears."

8

Section 4504 requires that derivative SSA payments received by a custodial parent due to the retirement or disability of the noncustodial parent shall be credited toward child support obligations. (§ 4504, subd. (b).) However, during the period at issue here, this section, and its predecessor, former section 4705, provided that payments received "each month" shall be credited toward the amount ordered to be paid "for that month." (Stats. 1979, ch. 69, § 1, p. 172; Stats. 1996, ch. 912, § 2, p. 5153.) In 2004, section 4504 was changed to delete the language limiting credit to the month received, thereby permitting credit of any excess toward arrearages. (§ 4504, subd. (b); Stats. 2004, ch. 305, § 4, p. 3234.)

In *In re Marriage of Robinson* (1998) 65 Cal.App.4th 93, this court affirmed a decision of the trial court denying any credit against arrearages for the excess of social security benefits paid over support obligations. Applying the prior version of section 4504, we explained: "We find Family Code section 4504 to be unambiguous in its directive that Social Security payments be credited against the amount 'to be paid for that month.' It does not authorize payments to be credited to amounts due in prior months, nor to accrued interest on those arrearages. Since the right to any credit exists only by virtue of statutory authorization, it is limited to the extent set forth in section 4504." (*Id.* at p. 96.)

At the time plaintiff's children were receiving derivative SSA payments that exceeded plaintiff's support obligation, section 4504 did not permit any credit for this excess against accrued arrears. Therefore, plaintiff was not entitled to any such credit. Plaintiff provides no legal argument to the contrary.

In his petition below, plaintiff asserted the calculation of arrears by LCSA was incorrect due to lack of any motion for support in the dissolution proceedings. Plaintiff further asserted there had been no income and expense statement or listing of property in connection with the dissolution proceedings. Regarding the challenged administrative decision, plaintiff asserted DCSS had not inspected the documents submitted, derivative

9

SSA payments must be credited against support arrears, LCSA ceased charging support in 1991, laches applies to enforcement of the dissolution judgment, LCSA is applying laws that were not in effect at the time of the dissolution judgment, DCSS should have applied the version of section 4504 that went into effect in 2004, and further evidence to be presented in court will show other payments that should have been credited against arrears.

On May 22, 2009, the trial court issued a minute order reading as follows: "The Court reminded [plaintiff] that this Court does not have jurisdiction to attack the 1984 judgment for child support and alimony ordered by the Placer County Superior Court. The Court advised [plaintiff] that his remedy in this area lies with Placer County Superior Court or the Third District Court of Appeal." The order further states: "The Court found that the administrative hearing process conducted in this matter was appropriate." Finally, the order states: "The Court denied the petition for writ of mandate for the reasons as fully stated on the record."

On July 16, 2009, plaintiff submitted a request for statement of decision. The court denied the request as untimely and moot. The court further explained that it "stated the factual and legal basis for its decision at the hearing."

The record before us does not contain a reporter's transcript. Hence, we do not have the benefit of the trial court's reasoning or the basis for its ruling. " 'A judgment or order of the lower court is *presumed correct*. All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown. This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.' " (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) Without a reporter's transcript, this must be considered an appeal on the judgment roll. (*Crummer v. Zalk* (1967) 248 Cal.App.2d 794, 796.) "[W]hen an appeal is based upon the judgment roll alone a reversal cannot be ordered

10

except for a fatal error on the face of the judgment." (*Oakley v. Rosen* (1946) 76 Cal.App.2d 310, 312.)

On the record before us, we presume the correctness of the trial court's judgment upholding the decision of the DCSS. On plaintiff's claim that the agency failed to consider documentary evidence presented, we must presume otherwise, since no contrary evidence appears in the record. (Evid. Code, § 664; *People v. Frye* (1994) 21 Cal.App.4th 1483, 1486; *People v. Young* (1991) 228 Cal.App.3d 171, 186.) Regarding LCSA's decision to cease charging support in 1991, this proves nothing. Such cessation was based solely on the fact the derivative SSA payments at the time exceeded plaintiff's support obligation. This was not a cessation of the support obligation but a recognition that such obligation was being satisfied by other means. As for laches, plaintiff provides no argument in this regard. He also fails to establish any prejudice from any delay by the agency in seeking arrearages. And plaintiff provides no legal basis for his assertion that the law in effect at the time support payments were due cannot be applied to a dissolution judgment that predated that law. Finally, as explained above, plaintiff's claim that he is entitled to credit against arrearages to the extent derivative SSA payments between 1991 and 1999 exceeded his support obligation is without merit.

IV

*Reply Brief*

In his reply brief, plaintiff argues for the first time that the court below improperly denied him the opportunity to present evidence at the hearing on his petition. We do not normally consider arguments raised for the first time in a reply brief. (*Neighbours v. Buzz Oates Enterprises* (1990) 217 Cal.App.3d 325, 335, fn. 8.) At any rate, because this is a judgment roll appeal, there is nothing in the record to support plaintiff's claim that the court denied him an opportunity to present evidence. In addition, plaintiff makes no

11

attempt to describe the evidence he sought to present or to explain its relevance to this matter.

Plaintiff raises other issues for the first time in his reply brief, such as a claim that the record lacks evidence that JoAnn ever applied for welfare benefits and the LCSA did not properly conduct the administrative proceedings. We decline to consider these issues. (*Neighbours v. Buzz Oates Enterprises*, *supra*, 217 Cal.App.3d at p. 335, fn. 8.) It would be unfair to permit plaintiff to raise new issues in his reply brief and afford defendant no opportunity to respond.

DISPOSITION

The judgment is affirmed. DCSS is awarded its costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1).)

                                                                       HULL           , J.

We concur:

     RAYE          , P. J.

     DUARTE       , J.