[Civ. No. 32042.   Second Dist., Div. One.   June 20, 1968.]

ARTHUR BERNSTEIN, Plaintiff and Appellant, v. FINAN-CIAL INDEMNITY COMPANY, Defendant and Respondent.

Herbert J. Beck for Plaintiff and Appellant.

Morgan, Wenzel, Lynberg, Stearns & Morris and Landon Morris for Defendant and Respondent.

LILLIE, J.—Plaintiff, an insurance agent, entered into a "Contingent Commission Agency Agreement" with defendant insurance company in June of 1961 whereby plaintiff was authorized to accept applications for a type of insurance to be issued by defendant known as "Special 1000 Automobile Accident Policy."[1] Attached to the complaint, as amended, is a copy of the agreement and an "Addendum" thereto whereunder the parties agreed that "so long as this contract is validly in force" defendant would not grant to any person other than plaintiff the right to accept proposals for the type of insurance there involved without plaintiff's written consent. By written notice, dated May 10, 1963, defendant thereafter terminated the agreement, calling attention to the continued losses incurred thereunder. Plaintiff thereupon brought this action to recover commissions paid by defendant to other agents in asserted breach of the agreement as well as damages caused thereby (First Cause of Action) and damages, both compensatory and punitive, for defendant's fraud in inducing him to enter into the subject engagements (Second Cause of Action). Upon completion of plaintiff's case in chief, defendant moved for judgment under section 631.8, Code of Civil Procedure. The motion having been granted, plaintiff appeals from the adverse judgment thereafter entered.

The principal assignment of error stems from the ruling below which barred the introduction of proffered proof as violative of the parol evidence rule. The issue arose in the following manner: In addition to matters already noted, the agreement expressly provides that it "may be terminated immediately by either party at any time, upon written notice to the other. . . ." Defendant accordingly contended that upon its election to terminate in the manner contractually provided for, it was no longer bound by the provisions in the addendum, relied on by plaintiff, prohibiting the appointment of other agents to accept proposals for the subject insurance "so long as this contract is validly in force." Since plaintiff's pleading was framed upon the theory that defendant had no authority to terminate, defendant objected to the introduction of oral testimony supporting such theory upon the ground that it would be at variance with the terms of the parties' written and integrated agreement theretofore exe-

---

[1]The amended complaint alleges that thereunder "medical payment coverage would be furnished to policy holders whose liability coverage was placed thru the assigned risk plan and other policy holders who were unable to obtain the standard auto-medical payment coverage."

cuted.[2] When a ruling sustaining the objection seemed imminent, plaintiff asked leave to amend his complaint still further and add a new cause of action alleging a contemporaneous oral agreement not to terminate his agency.[3] The motion was denied and plaintiff rested his case. Defendant thereupon successfully moved for judgment under section 631.8, Code of Civil Procedure.

For reasons hereinafter stated, we are of the view that the judgment entered pursuant to section 631.8 must be affirmed. Thereunder the court "as trier of the facts shall weigh the evidence and may render a judgment in favor of the moving party . . ." after the making of findings (which was done in the instant case). Upon appeal the substantial evidence rule then applies. (*Estate of Sharff*, 219 Cal.App.2d 128, 132 [33 Cal.Rptr. 52].) If (as we have concluded) evidence could not have been received in aid of the several allegations in the complaint as amended, substantial support obviously exists for the various findings adverse to plaintiff's claims. Nor is a different result dictated by the trial court's refusal to allow the amendment proposed by plaintiff during the course of the trial; to this assignment of error we first direct our attention.

Preliminarily, this is not quite the situation (as urged by plaintiff) where a party, by pleading to the merits and thus encouraging his adversary to prepare for trial, thereafter interposes an objection that the pleading is not sufficient to allow the introduction of evidence in aid thereof—at the trial such pleading will then be liberally construed and every reasonable intendment indulged in its favor. (*Stilwell* v. *Trutanich*, 178 Cal.App.2d 614, 618 [3 Cal.Rptr. 285].) The instant case is, therefore, distinguishable from *Beverage* v. *Canton Placer Min. Co.*, 43 Cal.2d 769, 778 [278 P.2d 694], and authorities therein cited, where it appeared that plaintiffs had a good cause of action but such claim was imperfectly or

---

[2] "An agreement is integrated where the parties thereto adopt a writing or writings as the final and complete expression of the agreement. An integration is the writing or writings so adopted." (Rest., Contracts, § 228.) So, under the "Termination" clause of the subject contract, it is provided in part that "This Agreement contains the complete understanding between the Company and the Agent and may be terminated immediately by either party at any time, upon written notice to the other. . . ."

[3] "[Mr. Beck]: I am asking, for the record I would make a motion to amend the Complaint to allege an additional cause of action, based on facts that defendant terminated the agency agreement unlawfully or wrongfully, as distinguished from the question of authority which was raised previously." (Rep. Tr. p. 69.)

defectively pleaded. Too, it appears that the present assignment is directed not to the disallowance of proof on the facts pleaded in the amended complaint but to the trial court's refusal to permit plaintiff an opportunity to further amend his complaint by alleging an additional cause of action. ■ The governing rule is stated in *Vogel* v. *Thrifty Drug Co.*, 43 Cal.2d 184, 188 [272 P.2d 1] : "It is a basic rule of pleading in this state that amendments shall be liberally allowed so that all issues material to the just and complete disposition of a cause may be expeditiously litigated, but 'the question whether the filing of an amended pleading should be allowed at the time of trial is ordinarily committed to the sound discretion of the trial court.' [Citation.]" ■ There had been an interval of almost three years from the commencement of the present action to the date of trial, and yet no showing was made (other than that just mentioned) why the additional cause of action now sought to be introduced by amendment had not been pleaded prior to the taking of testimony. ■ Too, it seems settled that the right to amend should be denied if it appears to a certainty that no relief could possibly be granted under such amended pleading. (*Daum* v. *Superior Court*, 228 Cal.App.2d 283, 286 [39 Cal.Rptr. 443].) ■ As noted earlier, the proposed additional cause of action would have been based upon the premise that the agency was unlawfully or wrongfully terminated; this premise, however, is wholly unsustainable in light of the conceded right of either party to terminate the agreement at any time upon written notice, and thus "at will." The contract being thus terminable, "plaintiff could quit at any time and [his] employer could discharge [him] at any time with or without cause. [Citations.] It makes no difference if the employer had a bad motive in so doing." (*Mallard* v. *Boring*, 182 Cal.App.2d 390, 394 [6 Cal.Rptr. 171] ; see also *Marin* v. *Jacuzzi*, 224 Cal.App.2d 549, 553 [36 Cal.Rptr. 880].) Hence, as was similarly concluded in both of the above cases, we hold that the proposed pleading, if allowed to be filed, could not state facts sufficient to state a cause of action for wrongful breach of contract; since no relief was obtainable thereunder, the refusal to permit its filing was manifestly proper.

■ We return to the trial court's ruling with respect to the applicability of the parol evidence rule. As shown earlier, plaintiff sought damages and other relief, both in contract and tort, by reason of defendant's action in paying commissions to other agents after its unilateral and assertedly unauthor-

ized termination of the agreement. That such right of unilateral termination was open to defendant is crystal clear under the terms of the contract which provided therefor by notice in writing—parenthetically but very significantly, plaintiff omits any reference in his pleadings to the giving of this notice. Nevertheless it is now contended that while the rule under consideration forecloses the use of extrinsic evidence in conflict or at variance with the subject written agreement, the matters sought to be proved by parol did not so conflict since there is nothing either in the agency contract or its addendum which makes reference to issuing the insurance policy through other agents. Plaintiff points out that if such proffered evidence is thus foreclosed, these other agents will reap the benefits of his labors in preparing and formulating the terms of the policy in suit; he cites Witkin, California Evidence (2d ed. 1966) to the effect that "If, to induce the plaintiff to enter into an agreement, the defendant makes an *independent promise* without intention to perform, this separate false promise is fraud, and it may be shown in order to avoid or nullify the main agreement." (P. 684.) Concludes plaintiff: "In the instant case the independent promise was not to appoint other agents." It may be true that "where the execution of a contract has been induced by a promise made without any intention of performing it, this constitutes such fraud in obtaining the contract that it may be declared null and void" (*Cobbs* v. *Cobbs,* 53 Cal.App.2d 780, 783 [128 P.2d 373]) ; but when that promise is squarely against the terms of the contract and thus, by its very nature, supersedes that writing, evidence of such promise can neither be received nor counted on to support a finding of fraud even though it be made with intent on the part of the promisor that the promise will not be kept. (*Simmons* v. *California Institute of Technology,* 34 Cal.2d 264, 274 [209 P.2d 581].) As further stated in *Simmons:* "The determinative question upon this issue [whether the proffered parol evidence is at variance with the contractual features of the writing] is 'whether the writing was intended to cover a certain subject of negotiation. . . .' " (P. 274.)

Reference to the addendum shows that the subject of agency or agencies to accept proposals for insurance of the type hereinabove designated is fully provided for;[4] further-

[4] "The company and the Agent agree:

" (a) The company shall not appoint nor grant the right to any person, firm or corporation other than 'Agent' to receive or accept proposals for

more, as alleged in the amended complaint, the agreement and its addendum were formulated "[a]fter many months of negotiations." As shown above, since the agreement ceased to be in force upon the defendant's termination thereof in the manner therein provided for, the company was free to contract with other agents free from any actionable claim by plaintiff to the contrary which, in light of the written understandings of the parties painstakingly arrived at, could not be established by parol.

■ Plaintiff's remaining point, presented without any argument, asserts that the trial court erred in failing to make a specific finding on the issue of fraud (Second Cause of Action). There are three answers to such claim: (1) Any such finding would necessarily have been adverse; (2) no evidence was presented as to such issue; and (3) since it was found that defendant had the right to terminate the agreement, such finding was determinative of the point.

The judgment is affirmed.

Wood, P. J., and Fourt, J., concurred.

---

contracts of insurance of the type hereinabove designated, in the State of California, *as long as this contract is validly in force,* without the express, written consent and agreement of the Agent.

"(b) The Agent agrees that it, and all other persons, firms or corporations acting for or in its behalf shall represent Financial Indemnity Company only in connection with all 'Special 1000 automobile accident' disability insurance business, as aforesaid, engaged in by Agent or any sub-agent thereunder in the State of California, so long as this contract is validly in force without the express, written consent and agreement of the Company. This addendum attaches to and forms a part of the Special 1000 Automobile Accident Contingent Commission Agreement dated June 1, 1961."