**AIRBORNE FREIGHT CORPORATION,**
a Delaware corporation, Plaintiff
and Appellee,

v.

John D. McPHERSON, Defendant and
Appellant.

No. 25623.

United States Court of Appeals,
Ninth Circuit.

June 8, 1970.

**1284**

Anthony W. Hawthorne (argued), of Fitzsimmons & Hawthorne, Oakland, Cal., for defendant and appellant.

William A. Helsell (argued), of Helsell, Paul, Fetterman, Todd & Hokanson, Seattle, Wash., Brobeck, Phleger & Harrison, San Francisco, Cal., for plaintiff and appellee.

Before CARTER and TRASK, Circuit Judges, and BATTIN,* District Judge.

BATTIN, District Judge.

Airborne Freight Corporation, a Delaware corporation with its principal place of business in Seattle, Washington, brought this action for injunctive relief against John D. McPherson, a resident of San Mateo County, California. The District Court granted the Corporation's motion for Summary Judgment. McPherson appealed.

In 1947, Appellant founded Airborne Freight Corporation, a California corporation (hereinafter "Airborne—California"). Appellant was Chairman of the Board, President, Treasurer and principal shareholder of Airborne—California. In 1967, Appellant was approached by representatives of Pacific Air Freight Corporation (hereinafter "Pacific") about the possibility of a merger of Airborne—California and Pacific. The eventual result of the negotiations was a three-way merger among Airborne—California, Pacific, and Appellee (hereinafter "Airborne—Delaware"), the surviving corporation.

During negotiations, counsel for Pacific submitted a proposed form of the merger agreement to Appellant and counsel for Airborne—California. Section 3 of the proposed form was as follows:

"*Board of Directors.* The Board of Directors of the surviving corporation shall consist of seven persons who shall hold office for a period of two years following the Effective Date of the merger:

| | |
|---|---|
| Richard B. Dawkins | x |
| F. William Harder | y |
| John D. McPherson | y |
| Forrest Tancer | y |
| Holt W. Webster | x |
| J. Vernon Williams | z |

"Each of the above directors has a designating letter of x, y or z following his name. In the event during such two year period a vacancy shall occur, the remaining directors designated x shall select the successor to any vacancy for which the designation had been x, the remaining directors designated y shall select the successor to any vacancy for which the designation had been y, and all remaining directors shall select the successor to any vacancy for which the designation had been z."

Upon inquiry of counsel for Airborne—California, it was concluded that the two year provision under Delaware law could not bind non-signatory shareholders with respect to the manner in which they voted their stock. The first paragraph of Section 3, therefore, was amended and now reads as follows:

"The Board of Directors of the Surviving Corporation shall consist of the following seven persons who shall hold office at least until the next annual meeting of stockholders, it being the intent of the individual signatory parties of this Agreement and Plan of Merger that said directors shall hold office for a period of at least two

---

* Honorable James F. Battin, United States District Judge, District of Montana, sitting by designation.

years following the Effective Date of the merger:

| | |
|---|---|
| Richard B. Dawkins | x |
| F. William Harder | y |
| John D. McPherson | y |
| Forrest Tancer | y |
| Holt W. Webster | x |
| J. Vernon Williams | x |
| Eaton Ballard | z" |

Section 20 of the final agreement reads as follows:

"20. Joinder of Major Stockholders. Individual stockholders (being John D. McPherson, F. William Harder, Raymond Kimberlin and Forrest Tancer of Airborne; and Holt W. Webster, Philip R. Gruger, Lawrence Rodberg, Richard B. Dawkins, Robert G. Brazier and Robert S. Cline, of Pacific) have affixed their signatures to this agreement and in so doing acknowledge their individual approval hereof and covenant and agree that they will recommend its approval to the other shareholders of their respective companies, and that each will do all things necessary to carry out the terms thereof including, but not limited to, the execution of such additional undertakings and documents as shall be deemed reasonably appropriate for such purpose by counsel for the Surviving Corporation."

The merger became effective October 17, 1968. Beginning in December 1968, certain members of the management of Airborne—Delaware claimed that Appellant, prior to the merger, had falsely reported the financial condition of Airborne—California to the detriment of Pacific and its shareholders. Appellant was forced to resign as chairman of the Board of Airborne—Delaware in April 1969. In May, 1969, before the annual meeting of shareholders, Appellant filed proxy material with the Securities and Exchange Commission on behalf of himself and three other persons seeking election as directors in opposition to the management slate named in Section 3 of the merger agreement. This suit was commenced to enjoin Appellant from opposing the named directors. The annual meeting of shareholders was not held. The district court granted Airborne—Delaware's motion for summary judgment and ordered

"* * * that judgment be entered for plaintiff permanently restraining defendant from pursuing his proxy filing or making any new or additional filing with the Securities and Exchange Commission and from soliciting proxies or causing others to solicit proxies from plaintiff's shareholders and from voting his own shares in plaintiff or those held by others in favor of any directors other than those specified by Section 3 of the Agreement and Plan of Merger for any term commencing prior to October 17, 1970."

Appellant argues that the District Court erred in granting summary judgment because a genuine issue of fact existed. Rule 56(c), F.R.Civ.P., provides that summary judgment shall only be granted where "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Before the District Court Appellant argued that the use of the word "intent" in Section 3, when considered with prior drafts of the agreement, raises an ambiguity in the agreement which precludes summary judgment. The District Court found, however, that the agreement is clear and unambiguous, and that parol evidence could not be introduced to vary the terms of the agreement. We agree.

 Under California law, which the parties agree controls the interpretation of the agreement, the determination of whether a contract is ambiguous presents a question of law. Gardiner v. Gaither, 162 Cal.App.2d 607, 329 P.2d 22 (1958). In making this determination, the trial judge must receive extrinsic evidence concerning, primarily, the circumstances under which the agreement was made: Pacific Gas and Electric Co. v. G. W. Thomas Drayage & Rigging Co.,

Inc., 69 Cal.2d 33, 69 Cal.Rptr. 561, 442 P.2d 641 (1968). If the court finds that the language of the instrument is not reasonably susceptible of interpretation and is unambiguous, extrinsic evidence cannot then be received for the purpose of varying the terms of the contract. In this case, the District Judge received affidavits of Appellant and the General Counsel for Airborne—Delaware, prior drafts of the merger agreement, information sent to stockholders concerning the merger, and other evidence extrinsic to the written agreement. We believe he correctly concluded, in light of such evidence, that the agreement plainly sets out the intention of the parties not to bind nonsigning shareholders to the named slate of directors but to bind those who did sign. Once the agreement was held to be unambiguous as a matter of law, no genuine issue of fact existed and summary judgment was proper.

Airborne—Delaware, contrary to Appellant's contention, is a proper party to bring this action. Appellant distinguishes Studebaker Corp. v. Gittlin, 360 F.2d 692 (2 Cir. 1966), where a corporation was held to have standing to enjoin violations of the Securities and Exchange Commission proxy rules. While an action to enjoin violations of proxy rules and an action to enforce a voting agreement are different, the interests of the corporations in each situation are similar. In *Gittlin* the Second Circuit stated at page 695 that "a contest for control may be only the prelude to an arguably damaging transaction to be carried out by the winner with the aid of the corporate proxy machinery or even without further stockholder vote." Similarly here, a breach of a voting agreement and a contest for control may be damaging to the surviving corporation whose stability after merger depends to a large degree on the experienced management of both merged corporations. We find Airborne—Delaware sufficiently interested in the enforcement of the merger agreement to bring this action.

Affirmed.