Robert SHERMAN, Plaintiff/Appellant,

v.

MUTUAL BENEFIT LIFE INS. CO.,
Defendant/Appellee.

No. 78–1886.

United States Court of Appeals,
Ninth Circuit.

Oct. 23, 1980.

Rehearing Denied Nov. 24, 1980.

Gerhard Stoll, San Francisco, Cal., argued for plaintiff/appellant; Robert J. Donovan, San Francisco, Cal., on brief.

Walter R. Allan, San Francisco, Cal., argued for defendant/appellee; W. R. Buxton, Stanley B. Watson, Pillsbury, Madison & Sutro, San Francisco, Cal., on brief.

Before WALLACE and FARRIS, Circuit Judges, and KARLTON,* District Judge.

FARRIS, Circuit Judge:

Robert E. Sherman sued Mutual Benefit Life Insurance Company for breach of his general agency contract, breach of fiduciary duty, and fraud. The United States District Court for the Northern District of California dismissed Sherman's complaint for failure to state a claim upon which relief can be granted. Sherman appeals. We affirm in part and reverse and remand in part.

*FACTS:*

After working for Mutual for several years in Houston, Texas as an insurance sales agent, Sherman became Mutual's general agent for Oakland, California and eventually the entire San Francisco–Oakland area. Sherman and Mutual entered an "Agreement for General Agents" which contained a termination clause with the following provision: *"Basis of Termination.* This Agreement may be terminated at any time by either party, by giving the other sixty days' notice to that effect; or it may be terminated immediately by the Company if in its judgment its interests so require." Sherman alleged that before he signed the agreement, a Mutual official, who was to become his immediate supervisor, assured him that the provision meant that Mutual could terminate him only if it had good

---

* Honorable Lawrence Karlton, United States District Judge, Eastern California, sitting by designation.

cause to do so. Sherman further alleges that, after he began working as Mutual's general agent, Mutual falsely promised him that if he made certain changes in his operation, including divesting himself of his computer business, Mutual would allow him to continue his general agency.

The district court, after a preliminary hearing, concluded that the parol evidence rule barred admission of the alleged oral representations by Mutual officials. The district court held that the fraud and breach of fiduciary responsibility claims, as well as the contract claim, were governed by the express terms of the agreement which the court interpreted as allowing Mutual to terminate the agency without cause. Without the excluded parol evidence, the district court found the complaint insufficient to state a claim.

## DISCUSSION

### Contract Claim

As this case comes to us based upon diversity jurisdiction, we must apply California law. In *Pacific Gas & Electric Co. v. G.W. Thomas Drayage & Rigging Co.*, 69 Cal.2d 33, 37, 442 P.2d 641, 644, 69 Cal.Rptr. 561, 564 (1968), the California Supreme Court, through Chief Justice Traynor, defined the test for the admissibility of extrinsic evidence to explain the meaning of a written instrument: "The test ... is not whether it appears to the court to be plain and unambiguous on its face, but whether the offered evidence is relevant to prove a meaning to which the language of the instrument is reasonably susceptible." The district court found that the agreement's termination provision was not reasonably susceptible to an interpretation requiring that termination be for good cause. We disagree.

■ The district court apparently interpreted the phrase "may be terminated at any time" to necessarily mean that Mutual could terminate with or without cause. "At any time," however, could reasonably be interpreted as referring only to the duration of the agreement and not the permissible reasons for its termination. If the phrase "at any time" is interpreted as referring only to duration, then the termination clause does not expressly state whether or not good cause is a prerequisite.[1]

■ In determining whether the phrase "may be terminated" could reasonably be interpreted as including a prerequisite of good cause, we must consider the " 'circumstances surrounding the making of the agreement ... including the object, nature and subject matter of the writing ...' so that the court can 'place itself in the same situation in which the parties found themselves at the time of contracting.' " *Pacific Gas & Electric Co. v. G.W. Thomas Drayage & Rigging Co., id.* at 40, 442 P.2d at 645, 69 Cal.Rptr. at 565. Sherman introduced evidence at the preliminary hearing that he gave up a profitable business in Houston to become Mutual's Oakland general agent. Further, a life insurance general agency only becomes lucrative after a substantial investment of time and capital.

■ In light of the nature of the position and the importance to Sherman of its long-term prospects, we cannot agree with the district court's conclusion that the termination clause is not reasonably susceptible to an interpretation requiring good cause for termination. The determination required by *Drayage* is a question of law. *Brobeck, Phleger & Harrison v. Telex Corp.*, 602 F.2d 866, 871 (9th Cir.) (applying California law), *cert. denied*, 444 U.S. 981, 100 S.Ct. 483, 62 L.Ed.2d 407 (1979). *Airborne Freight Corp. v. McPherson*, 427 F.2d 1283, 1285 (9th Cir. 1970) (applying California law). Therefore, an appellate court may freely review the district court's conclusion. *Miller v. United*

---

1. Mutual contends that *Brawthen v. H & R Block, Inc.*, 28 Cal.App.3d 131, 104 Cal.Rptr. 486 (1972) requires exclusion of parol evidence showing that the termination clause implicitly required good cause. The court in *Brawthen*, however, made clear that the parties were not arguing that the challenged parol evidence ex- plained the intended meaning of the language of the contract. Brawthen sought to introduce parol evidence to establish a collateral agreement. Sherman, by contrast, contends that the phrase "may be terminated" is reasonably susceptible to being interpreted as requiring good faith for termination.

*States,* 587 F.2d 991, 994 (9th Cir. 1978). *See Boudreau v. Borg–Warner Acceptance Corp.,* 616 F.2d 1077, 1079 (9th Cir. 1980); *United States v. Haas & Haynie Corp.,* 577 F.2d 568, 572–73 (9th Cir. 1978). We conclude, therefore, that the parol evidence rule does not bar admission of evidence relating to the alleged oral explanations of the termination clause by Mutual officials.

The district court also found as a fact that Mutual and Sherman intended the termination provision to be a complete statement of the parties' termination rights. Under California law, "whether or not a written agreement is 'integrated,' ... depends on the parties' intent, which must be resolved by consideration of relevant extrinsic evidence that explains but does not flatly contradict the writing." *Mobil Oil Corp. v. Handley,* 76 Cal.App.3d 956, 961, 143 Cal.Rptr. 321, 324 (1978). The district court's finding that the agreement was integrated was one of fact. *Id. But see Brawthen v. H & R Block, Inc.,* 28 Cal. App.3d 131, 137, 104 Cal.Rptr. 486, 490 (1972). *See also Sullivan v. Massachusetts Mutual Life Insurance Co.,* 611 F.2d 261, 264 (9th Cir. 1979). Thus, we must accept it unless it is clearly erroneous. Fed.R.Civ.P. 52(a); *Miller v. United States,* 587 F.2d at 994. The court's finding is supported by substantial evidence including the fact that the termination provision appeared complete, that Mutual refused to modify its language at Sherman's request, and that the provision remained unchanged in succeeding agreements. We therefore decline to disturb the district court's finding.

Because the parties intended the termination provision to be complete, the district court properly concluded that the parol evidence ruled barred admission of any oral agreement which supplemented rather than explained that provision. *Masterson v. Sine,* 68 Cal.2d 222, 436 P.2d 561, 65 Cal.Rptr. 545 (1968). Any independent contract claim based on the oral representations themselves is barred by California's two–year statute of limitations for contracts not founded on writings. Cal. Code Civ.Pro. § 339(1).

*Fraud Claim*

The district court also excluded parol evidence on Sherman's fraud claim. Sherman contends that he was fraudulently induced to enter the general agency agreement by oral representations that Mutual could terminate him only for good cause. This extrinsic evidence does not directly contradict the termination clause which, as noted above, can reasonably be interpreted as expressly relating only to the duration of the agreement. Noncontradictory parol evidence is admissible to show fraud even though the termination clause is integrated. *Hartman v. Shell Oil Co.,* 68 Cal.App.3d 240, 251, 137 Cal.Rptr. 244, 251 (1977).

Sherman also contends that Mutual fraudulently promised him that if he disposed of his interest in his computer business, he would be allowed to retain his general agency. Parol evidence of such fraudulent representations, if any, does not contradict the agreement. Sherman should be allowed to introduce such evidence.

*Claim for Breach of Fiduciary Duty*

Sherman's claim for breach of fiduciary duty is based on his assertion that he and Mutual entered a joint enterprise.

A joint venture exists when there is "an agreement between the parties under which they have a community of interest, that is, a joint interest, in a common business undertaking, an understanding as to the sharing of profits and losses, and a right of joint control."

*Connor v. Great Western Savings & Loan Ass'n,* 69 Cal.2d 850, 863, 447 P.2d 609, 615, 73 Cal.Rptr. 369, 375 (1968). The district court held that this claim, like the claims for fraud and breach of contract, was governed solely by the terms of the agreement. Sherman does not contend that the agreement, by its own terms, created a joint venture. Since the purported joint venture is not based on the agreement but on collateral oral representations, the claim for breach of fiduciary duty is barred by California's two–year statute of limitations.

**786**

*Benard v. Walkup,* 272 Cal.App.2d 595, 601, 77 Cal.Rptr. 544, 548 (1969).

### Claim for Breach of Good Faith

 Sherman maintains that even if the agency agreement was intended to be terminable without cause, California law nonetheless creates an implied covenant of good faith and fair dealing in the performance of contracts. However, under an "at will" employment contract, "[California] courts have consistently held that in such a confidential relationship, the privilege [of termination] is absolute, and the presence of ill will or improper motive will not destroy it. ...." *Marin v. Jacuzzi,* 224 Cal.App.2d 549, 553, 36 Cal.Rptr. 880, 883 (1964). *See also Bernstein v. Financial Indemnity Co.,* 263 Cal.App.2d 324, 328, 69 Cal.Rptr. 543, 546 (1968) ("at will" insurance agency contract could be lawfully terminated irrespective of good faith). Sherman has cited no California cases which extend the implied covenant of good faith to employment or agency contracts. Sitting in diversity jurisdiction, we are bound by California law.

Affirmed in part, reversed in part and remanded.