979 F.2d 847
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
William CARTWRIGHT, Plaintiff-Appellant,
v.
NETWORK EQUIPMENT TECHNOLOGIES, INCORPORATED, Defendant-Appellee.
William CARTWRIGHT, Plaintiff-Appellant,
v.
NETWORK EQUIPMENT TECHNOLOGIES, INCORPORATED, Defendant-Appellee.
 Nos. 92-1285, 92-1474.
 United States Court of Appeals,
Fourth Circuit.
 Argued: September 29, 1992
Decided: November 18, 1992
 
 Appeals from the United States District Court for the Eastern District of Virginia, at Alexandria.
 Argued: David Barr Albo, Albo & Anderson, Vienna, Virginia, for Appellant.
 Lonnie Dayton Nunley, III, Hunton & Williams, Richmond, Virginia, for Appellee.
 On Brief: Thomas J. Cawley, Hunton & Williams, Richmond, Virginia, for Appellee.
 E.D.Va.
 AFFIRMED.
 Before MURNAGHAN and WILLIAMS, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 William Cartwright, employed as a representative at will by Network Equipment Technologies, Inc. (Network), entered into a series of written agreements (Sales Compensation Plans, or SCPs) with Network that established the framework for calculating his sales commissions. Under the SCPs, Network expressly reserved the right to make adjustments to or revisions in a representative's assigned territory.
 
 
 2
 Network assigned the MCI account to Cartwright in 1987, but transferred the account to another account manager in July of 1988. Cartwright filed a Motion for Judgment against Network, claiming a right to commissions generated by sales to MCI in December of 1988, on the theory that Network's reassignment of the MCI account violated its duty of good faith and fair dealing. The District Court for the Eastern District of Virginia granted summary judgment for Network, and Cartwright has appealed.
 
 
 3
 The letter constituting Cartwright's offer of employment as an account manager expressly provided that his employment was at will, and Cartwright has not contended otherwise. In 1986 and each year thereafter, Network and Cartwright signed written agreements, titled Sales Compensation Plans (SCPs), outlining Cartwright's duties to develop accounts and sell Network's products in his assigned territory, and establishing the framework for calculating his compensation. Each SCP stated that Network "reserves the right without notice to ... make any adjustments or revisions to commission rates, bonuses, salaries, quotas, territories, or other matters affecting this Plan."[1]
 
 
 4
 In the 1987 SCP, Network assigned the MCI account to Cartwright. Despite Cartwright's claim of "outstanding performance" on the MCI account and sales of "millions and millions of dollars of equipment," Network transferred the account to another manager in July of 1988. Five months later, in December 1988, MCI contracted for and purchased Network equipment, giving rise to Cartwright's claim.
 
 
 5
 The District Court granted Network summary judgment on the MCI claim, which was brought on the theory that an implied duty of good faith read into all California contracts prevented Network from reassigning the MCI account in the absence of cause. Cartwright has appealed the grant of summary judgment.
 
 
 6
 The parties accept, as do we, that California law controls.[2] Cartwright has argued that California law implies in every contract a duty of good faith and fair dealing. But he has cited no California authority establishing that such an implied covenant of good faith overrides and nullifies an express contract term. The only claim on the point is from a Massachusetts case: Fortune v. National Cash Register Co., 373 Mass. 96, 364 N.E. 2d 1251 (1977).
 
 
 7
 Several California cases, however, point in the other direction. Gerdlund v. Electronic Dispensers International, 190 Cal. App. 3rd 263, 235 Cal. Rptr. 279 (1987), for example, noted that although a covenant of good faith and fair dealing may supply a requirement of good cause for termination where the contract is silent or ambiguous on that subject, "no obligation can be implied ... which would result in the obliteration of a right expressly given under a written contract." See also Rose v. Wells Fargo & Co., 902 F.2d 1417 (9th Cir. 1990) (covenant of good faith cannot be used to imply a requirement of cause to terminate when contract expressly provides for employment at will); Sherman v. Mutual Benefit Life Insurance Co., 633 F.2d 782 (9th Cir. 1980) (in an at will contract the privilege of termination is absolute in spite of the covenant of good faith); Carma Developers (California), Inc. v. Marathon Development California, Inc., 2 Cal. 4th 342, 375-76, 6 Cal. Rptr. 467, 486, 826 P.2d 710, 729 (1992) (termination of lease as permitted by its terms was not a breach of covenant of good faith and fair dealing); Tollefson v. Roman Catholic Bishop, 219 Cal. App. 3rd 843, 268 Cal. Rptr. 550 (1990) (implied duty of good faith cannot rewrite a contract to include provisions ... expressly negated by the original); Shapiro v. Wells Fargo Realty Advisors, 152 Cal. App. 3rd 467, 199 Cal. Rptr. 613 (1984).
 
 
 8
 Cartwright has contended 1) that the language quoted by appellee in Gerdlund as standing for the proposition that the duty of good faith cannot nullify an express contract term to the contrary is mere dicta and not controlling and 2) that the reasoning in Gerdlund is internally contradictory. The contention is unconvincing and at any rate runs against the overwhelming legal tide of employee contract law in California-at least where terminations are involved. Going beyond termination, in Brandt v. Lockheed Missiles and Space Co., 154 Cal. App. 3rd 1124, 201 Cal. Rptr. 746 (1984), relief was denied to plaintiffs who claimed that good faith required the employer to pay a special invention fee despite a contract provision that explicitly left such an award to the discretion of the employer. The court noted that the good faith duty depends upon the nature of the bargain struck between the parties and their reasonable expectations arising out of the contract. It is well settled, said the court, that the language of a contract is to govern its interpretation when the language is clear and specific.
 
 
 9
 Accordingly, exercise of the right to change an employee's territory, explicitly reserved in the contract, is not a breach of the employer's duty of good faith under California law.
 
 
 10
 Cartwright's case would perhaps be stronger had he pleaded activities constituting bad faith on the part of the employer, Network. However, Cartwright failed to set forth specific facts showing ill will or improper motive on the part of Network. Instead he argued that he need not come forward with a showing of a material issue of fact because the burden of showing that there are no reasonable facts for trial is on the moving party. Although he has abandoned that position on appeal, he has relied solely upon a statement that he brought the MCI account to Network and sold "millions and millions of dollars" worth of Network's equipment to MCI to survive summary judgment. Accepting those facts as true, however, does not present an issue of fact, and, in particular, does not demonstrate bad faith. Cartwright had to show more than that his performance was acceptable, which Network does not dispute. He must have set forth specific facts of bad faith showing that there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). See also Shapiro v. Wells Fargo Realty Advisors, 152 Cal. App. 3rd 467, 199 Cal. Rptr. 613 (1984) (plaintiff who contracted for employment at will and who alleged in broad and conclusory fashion that employer fired him in spite of representation that he would not be terminated without good cause did not plead facts sufficient to support a breach of implied covenant of good faith).
 
 
 11
 Because Cartwright has failed to set forth facts showing bad faith on the part of the defendant, and because there is no precedent in California law demonstrating that the implied duty of good faith and fair dealing may override an expressly reserved right in an employment contract, the district court's ruling of summary judgment for Network should be
 
 
 12
 AFFIRMED.
 
 
 
 [1]
 A territory is defined in the SCP as, among other things, "a customer or group of customers or projects."
 
 
 [2]
 California law was specified in the SCP's as the governing law