985 F.2d 572
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Stephen C. DUDLEY; Mary L. Pecha; Daniel Klisch; James
Kelly; Jill Paasch; Gary T. Gerber, Plaintiffs-Appellants,
v.
GOVERNMENT EMPLOYEES INSURANCE COMPANY; Criterion Insurance
Company; Criterion Casualty Company; Geico Corporation,
Geico Indemnity Company, Donald Messmer, Eugene J. Meyung,
DOES 1-50, Defendants-Appellees.
 No. 91-15717.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 11, 1992.
Decided Jan. 26, 1993.
 
 Appeal from the United States District Court for the Northern District of California, No. CV-90-01742-JPV John P. Vukasin, Jr., District Judge, Presiding.
 N.D.Cal.
 REVERSED AND REMANDED.
 Before CHAMBERS, HUG and RYMER, Circuit Judges.*
 
 
 1
 MEMORANDUM**
 
 
 2
 Six General Field Representatives (GFRs) employed by the Government Employees Insurance Company (GEICO) appeal from the district court's grant of summary judgement in favor of GEICO on the GFRs' breach of contract claim. The GFRs challenge GEICO's decision to terminate them and to suspend new business production in California. The district court had jurisdiction pursuant to 28 U.S.C. § 1332, we have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse.
 
 
 3
 In November 1988, California voters adopted Proposition 103 which lowered the premiums insurance companies could charge for coverage. In response to this measure, GEICO decided to suspend new business production in California. Consequently, GEICO suspended the GFR representation agreements under which the GFRs were authorized to write new policies. Suspension, rather than termination, allowed the GFRs to continue to collect commissions from renewals of policies they had previously sold.
 
 
 4
 In May 1989, when the California Supreme Court ruled that Proposition 103 was constitutional, GEICO gave the GFRs sixty days' notice of termination as required under their agreement. The GFRs argue that their understanding of the representation agreement was that they could not be terminated except for cause. They filed suit for breach of contract and other claims in Alameda Superior Court in California, and GEICO removed the case to the United States District Court for the Northern District of California. The district court then granted summary judgment in favor of GEICO.
 
 
 5
 The termination clause at issue reads as follows:
 
 
 6
 a. This agreement may be terminated by either the Company or the G.F.R. upon 60 days written notice to the other.
 
 
 7
 c. In the event of fraud or breach of any of the conditions or provisions of this Agreement by the G.F.R., this agreement may be canceled by the Company at any time by written notice effective immediately.
 
 
 8
 The district court granted summary judgment in favor of GEICO after concluding that these clauses were unambiguous and not reasonably susceptible to any interpretation other than the interpretation offered by GEICO. The GFRs sought to introduce parol evidence to support their claim that they could not be terminated without cause. The district court, however, refused to consider the parol evidence.
 
 
 9
 Under California law, the test for the admissibility of parol evidence to explain the meaning of a written instrument is:
 
 
 10
 not whether [the written instrument] appears to the court to be plain and unambiguous on its face, but whether the offered evidence is relevant to prove a meaning to which the language of the instrument is reasonably susceptible.
 
 
 11
 Pacific Gas & Elec. Co. v. G.W. Thomas Drayage & Rigging Co., 442 P.2d 641, 644 (Cal.1968).
 
 
 12
 We have had several opportunities to apply the California parol evidence rule to cases such as this. In Sherman v. Mutual Benefit Life Ins. Co., 633 F.2d 782, 783 (9th Cir.1980), an insurance agent for Mutual was terminated by that company under the following termination clause in their representation agreement:
 
 Basis of Termination
 
 13
 This Agreement may be terminated at any time by either party, by giving the other sixty days' notice to that effect; or it may be terminated immediately by the Company if in its judgment its interest so require.
 
 
 14
 Sherman, 633 F.2d at 783. The terminated agent in Sherman alleged that oral representations by a Mutual official made their representation agreement terminable only for cause. The district court granted summary judgment in favor of Mutual, and we reversed after concluding that the phrase "may be terminated at any time" did not specify whether cause was required. Sherman, 633 F.2d at 784. We held that parol evidence was admissible to explain the termination clause in Sherman.
 
 
 15
 We find the termination clause in the representation contract in the instant case to be similarly susceptible to an interpretation that cause is required. The termination clause in the instant case is even more ambiguous than was the clause at issue in Sherman. The district court should have allowed the GFRs to introduce parol evidence to support their interpretation of the agreement. Consequently, we reverse and remand to the district court.
 
 
 16
 REVERSED.
 
 
 17
 Judge Chambers would affirm the judgment and therefore dissents.
 
 
 
 *
 At the conference following oral argument, Judges Hug and Rymer voted to reverse for the reasons specified in this memorandum disposition. Judge Chambers voted to affirm. Due to illness, Judge Chambers has not had an opportunity to review this disposition or draft a dissent; thus, this disposition simply reflects that Judge Chambers dissents
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34-4