46 F.3d 1144
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Arthur R. PETRIE II, Plaintiff-Appellant,
v.
GENERAL MOTORS CORPORATION, Defendant-Appellee.
 No. 93-55588.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted: Oct. 31, 1994.
Decided: Jan. 31, 1995.
 
 Before: CANBY, LEAVY, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Arthur R. Petrie II appeals from the judgment of the district court arguing that the district court erred in granting summary judgment: 1) as to his ERISA 29 U.S.C. Sec. 1132 claim for recovery of benefits, and 2) as to all of his state law fraud claims. He also contends that the district judge erred in granting summary judgment without considering Petrie's claim that the magistrate judge improperly denied Petrie's motion to compel discovery. We affirm for the reasons stated below.
 
 
 3
 1) The district court granted summary judgment on both of Petrie's ERISA claims asserted under 29 U.S.C. Sec. 1132 and Sec. 1140. See Amended Complaint ("AC"), claims 7-8. On appeal, Petrie does not raise his section 1140, termination in violation of public policy claim (AC Claim 8).
 
 
 4
 The district court's decision to consider evidence construing the company ERISA plan was clearly in accord with the California parol evidence rule[1] and was not error. The district granted summary judgment on Petrie's Sec. 1132 claim, AC Claim 7, based on its conclusion that Petrie did not qualify under the Company's Layoff Benefit Plan ("Plan") since 1) an employee terminated after an educational leave was not, according to the terms of the plan, entitled to layoff benefits, and 2) Petrie never established that he had been selected for layoff. We agree. "Layoff" in the Plan means termination based on reduction in workforce and does not cover employees who are simply terminated after return from educational leave. We affirm the judgment of the district court on this issue for the reasons set forth in the magistrate's report and recommendation.
 
 
 5
 2) The district court granted summary judgment on all of Petrie's state claims, AC Claims 1-6, concluding that all were preempted under ERISA. Whether ERISA preempts state law is a question of law reviewed de novo. Aloha Airlines, Inc. v. Ahue, 12 F.3d 1498, 1500 (9th Cir. 1993). Petrie has not raised his nonfraud state claims (AC Claims 1, 5, and 6) on appeal. All of Petrie's remaining state claims are fraud claims. See AC Claims 2-4. Each of Petrie's fraud claims relates to both the denial of benefits under the plan and the termination of employment.
 
 
 6
 The district court correctly granted summary judgment on all of Petrie's state fraud charges relating to the denial of benefits. Such state claims are preempted by ERISA. 29 U.S.C. Sec. 1144(a); DeVoll v. Burdick Painting, Inc., 35 F.3d 408, 411 (9th Cir. 1994). All of Petrie's fraud claims relating to his wrongful termination, though not preempted by ERISA, are barred by California law. The recent California Supreme Court decision, Hunter v. Up-Right, Inc., 864 P.2d 88, 89 (Cal. 1993), retroactively applies a rule barring actions for fraud claims brought in the context of wrongful termination. Petrie offers no meritorious argument distinguishing his remaining fraud claims (i.e., those not preempted by ERISA) from claims barred under California law by Hunter. See also Lazar v. Superior Court (Rykoff-Sexton, Inc.), 35 Cal. Rptr. 2d 578 (Cal. App. 2 Dist. 1994). ERISA and California state law bar all of Petrie's state fraud claims.
 
 
 7
 3) Petrie also asserts that the district court's grant of summary judgment was erroneous, arguing that the magistrate judge had improperly denied his motion to compel further discovery. Petrie's motion to compel discovery and the defendant's motion for summary judgment were heard by the magistrate judge on January 11, 1993. The magistrate denied the motion to compel discovery and issued his report and recommendation to the district court advising the district court to grant summary judgment in favor of GM on all of Petrie's claims.
 
 
 8
 On February 1, 1993, Petrie filed his Objections to the Magistrate's Report and Recommendation ("Objections"). Petrie, however, never appealed the magistrate judge's denial of his motion to compel discovery nor otherwise presented any objection to that ruling to the district court. Petrie's Objections were directed only against the magistrate judge's report and recommendation dealing with the grant of the motion for summary judgment. The magistrate judge's denial of Petrie's motion to compel discovery was a ruling distinct and independent from the magistrate's report and recommendation relating to summary judgment. Given Petrie's failure to present any objection or appeal to the district court on that non-dispositive ruling, his claim that the district court erred by granting summary judgment without further discovery is meritless. 28 U.S.C. Sec. 636(b)(1)(A); Fed. R. Civ. P. 72(a); Maisonville v. F2 America Inc., 902 F.2d 746, 747-48 (9th Cir. 1990), cert. denied, 498 U.S. 1025 (1991).
 
 
 9
 AFFIRMED.
 
 
 
 *
 This disposition is not suitable for publication and may not be cited to or by the courts of this circuit except pursuant to 9th Cir. R. 36-3
 
 
 [1]
 In California, the test for admissibility of parol evidence is less stringent than the general rule. The test is
 not whether [the written instrument] appears to the court to be plain and unambiguous on its face, but whether the offered evidence is relevant to prove a meaning to which the language of the instrument is reasonably susceptible.
 Pacific Gas & Elec. Co. v. G.W. Thomas Drayage & Rigging Co., 442 P.2d 641, 644 (Cal. 1968); cf. Sherman v. Mutual Ben. Ins. Co., 633 F.2d, 782, 784 (9th Cir. 1980).
 Application of California's parol evidence test is consistent with Ninth Circuit case law favoring applying state law when it is consistent with ERISA policy. Cf. Saltarelli v. Bob Baker Group Medical Trust, 35 F.3d. 382, 386 (9th Cir. 1994).