**John J. SULLIVAN, Appellant,**

v.

**MASSACHUSETTS MUTUAL LIFE IN-SURANCE COMPANY, Appellees.**

No. 77–3755.

United States Court of Appeals, Ninth Circuit.

Oct. 23, 1979.

George DeRoy, Hochman, Salkin & De-Roy, Beverly Hills, Cal., for appellant.

Russell E. Hayes, Adams, Duque & Hazeltine, Los Angeles, Cal., for appellees.

Before GOODWIN and TANG, Circuit Judges, and EAST *, District Judge.

PER CURIAM:

An insurance agent's employment was terminated and he brought this diversity action against his former employer for damages for an alleged breach of contract. He appeals the grant of summary judgment in favor of the company. We affirm.

From November 1961 through August 1973, John Sullivan was employed by Robert Woods, the general agent for Massachusetts Mutual Life Insurance Company (Massachusetts Mutual) in Los Angeles. About the time he commenced this employment,

* The Honorable William G. East, Senior United States District Judge for the District of Oregon, sitting by designation.

Sullivan executed a document entitled "Career Contract", which set forth Sullivan's rights and duties as an agent representing Massachusetts Mutual (Exhibit B to Motion for Summary Judgment). This contract contained a clause providing that it was terminable at the will of either party. Sullivan was aware of this clause and did not object to it at the time he signed the contract. In March 1971, Sullivan and Massachusetts Mutual executed another document pursuant to which Sullivan was authorized to use the title "General Agent" under certain conditions (Exhibit D to Motion for Summary Judgment). This contract contained the same terminable-at-will clause, of which Sullivan was aware and to which he did not object at the time he signed the contract. By their terms, both of these contracts expired on August 31, 1973, when Woods' status as general agent in Los Angeles terminated.

On September 1, 1973, Sullivan and William Davies executed a "General Agent's Contract" with Massachusetts Mutual, pursuant to which they became "formula co-general agents" for the company in Los Angeles (Exhibit E to Motion for Summary Judgment).[1] This contract also contained a terminable at will clause, of which Sullivan was aware and to which he did not object at the time he signed the contract.

Massachusetts Mutual terminated Sullivan's relationship in November 1974. Sullivan sued, contending that his tenure with Massachusetts Mutual was controlled by an oral agreement entered into in 1961. Massachusetts Mutual agreed, for the purpose of the motion, that there had been an oral agreement that Sullivan would continue in Massachusetts Mutual's employ and advance through a series of positions to that of full general agent unless his performance proved to be unsatisfactory. But the Company insisted that the later written agreements had superseded any oral agreement on tenure.

In his opposition to the motion for summary judgment, Sullivan tendered proof of the alleged oral agreement and the representations that he would not be terminated except for good cause. Essentially, this proffered evidence consisted of: (1) a letter and a memorandum from a Massachusetts Mutual vice president, both of which referred to the allocation of costs at the time that Davies and Sullivan would change from formula to full general agents; and (2) the deposition testimony of three vice presidents of the company. The depositions did not prove the oral agreement, but they were not inconsistent with Sullivan's contentions concerning the nature of his alleged oral agreement with Massachusetts Mutual.

The district court concluded that Massachusetts Mutual was entitled to judgment as a matter of law because it had a right to rely on the written contracts with Sullivan. The court held: (1) proof of the oral agreement, even if assumed to exist, was barred by California's parol evidence rule; (2) the oral agreement had been extinguished in 1973 by execution of the written agreement with Massachusetts Mutual; and (3) Massachusetts Mutual could not be liable on the second count of the complaint for conspiracy to breach the employment contract because it had the right to terminate Sullivan and because it could not be held to have conspired with its own officers and agents.[2]

I.

Sullivan contends that summary judgment was not appropriate because genuine issues of material fact remained in dispute. This contention assumes that the application of the parol evidence rule necessarily involves some kind of a trial of the factual assertions of the parties.

Although California law controls the substantive issues in this case, the standards for determining whether summary

---

1. The term "formula general agent" evidently refers to a status in which the agent is compensated primarily by salary, while a "full general agent" is an independent entrepreneur.

2. The court did not address Massachusetts Mutual's additional arguments that the oral agreement was too indefinite to be enforced or that it was barred by the statute of frauds.

judgment was appropriate call for application of federal law. *See Fitzsimmons v. Best,* 528 F.2d 692, 694 (7th Cir. 1976); *Lighting Fixture & Electrical Supply Co. v. Continental Insurance Co.,* 420 F.2d 1211, 1213 (5th Cir. 1969). Those standards applicable to the instant case may be aptly expressed as follows:

" * * * [W]here the claim or defense is predicated upon a written integrated contract that is unambiguous, the parol evidence rule may cut off the presentation of matter that would otherwise raise factual issues and hence summary judgment may be appropriate where in the absence of the parol evidence rule it would not be." 6 Moore's Federal Practice, ¶ 56.17[11] at 56–778–79 (1976 ed.).

The instant case turns on whether the written contracts entered into between Sullivan and Massachusetts Mutual were integrated and intended to comprise the full agreement between the parties. If so, then, as will be seen, the judgment in favor of the company was correct. Accordingly, the threshold issue is whether the district court's determination that the written contracts were fully integrated was an appropriate matter for disposition on summary judgment.

Admittedly, California law is not completely clear on the theory whether contract integration is a matter of law or of fact. The state appellate courts have stated both that integration is a question of law for the court (*see Brawthen v. H & R Block, Inc.,* 28 Cal.App.3d 131, 137, 104 Cal.Rptr. 486, 490 (1972)), and that the judge's finding in this respect is a determination of fact to be made by the court. *See Mobil Oil Corp. v. Handley,* 76 Cal.App.3d 956, 961, 143 Cal. Rptr. 321, 324 (1978).

■ The relevant evidence in this case was not in conflict. The court had before it all the extrinsic evidence tendered by Sullivan with respect to the integration issue. In these circumstances, the court's ruling on the integration issue and its determination with respect to the admissibility of Sullivan's parol evidence involved questions of law, suitable for disposition on summary judgment. *See S. M. Wilson & Co. v. Smith International, Inc.,* 587 F.2d 1363, 1370–71 (9th Cir. 1978); *Burroughs Corp. v. Weston International Corp.,* 577 F.2d 137, 140–41 (4th Cir. 1978).

## II.

■ Under California law, a written contract presumptively supersedes all prior or contemporaneous oral agreements concerning the subject matter of the written contract. *See* Cal.Civ.Code § 1625; Cal.Civ. Proc.Code § 1856. Parol evidence, however, may be admitted to establish the terms of the complete agreement between the parties if the written contract is not the complete and final embodiment of that agreement. *Masterson v. Sine,* 68 Cal.2d 222, 225, 65 Cal.Rptr. 545, 547–48, 436 P.2d 561, 563 (1968). In determining whether the contract is integrated, the court should consider: (1) whether the written agreement appears to state a complete agreement; (2) whether the alleged oral agreement directly contradicts the writing; (3) whether the oral agreement might naturally be made as a separate agreement; and (4) whether a jury might be misled by the introduction of the offered parol evidence. *Brawthen v. H & R Block, Inc.,* 52 Cal.App.3d 139, 146, 124 Cal.Rptr. 845, 849 (1975).

■ Applying these standards, the district court correctly found that the written contract relied on by Massachusetts Mutual was an integrated contract. The contract contained a clause providing:

"This contract shall supersede all previous agreements between the Company and the General Agent with respect to any business secured on or after the effective date hereof."

Sullivan contends that the quoted clause was meant only to apply to arrangements for further commissions and had nothing to do with tenure. However, the scope of the contract included all matters dealing with Sullivan's relationship with the company. The contract's terms indicated that the written contract was meant to govern the entire relationship of the parties except as

to continuing compensation under prior contracts (which is deemed vested). Additionally, the alleged oral agreement is completely inconsistent with the provisions of the written contract. The former allegedly allowed termination only for cause; the latter is terminable at will. Finally, the provision for termination of the relationship is not a matter that might naturally be made as a separate agreement; rather, it would almost certainly be a part of the written contract. Although Sullivan contends that it is reasonable to assume that the written termination clause applied only to his future earnings under the written contract, leaving the question of his ongoing relationship with the company to be determined under the alleged oral agreement, we agree with the Sixth Circuit that this is not a tenable argument:

> " 'The improbability that an agent would knowingly enter into such a contract revocable at the will of the company, is not so great as the improbability that the company would knowingly tie itself to an agent by a bond that * * * it could not break, unless by legal evidence it could prove that there was misconduct serious enough for a jury to consider to be "good cause." ' *Jefferson Fire Ins. Co. v. Bierce & Sage*, 183 F. 588, 592 (E.D.Mich.1910)." *Randolph v. New England Mutual Life Insurance Co.*, 526 F.2d 1383, 1386 (6th Cir. 1975).

Sullivan relies heavily on the one California case resembling the instant action. In *Brawthen v. H & R Block, Inc.*, 28 Cal. App.3d 131, 104 Cal.Rptr. 486 (1972), the court held that the trial court erred in excluding parol evidence of an oral agreement that plaintiff would be terminated only for cause although the written contract appeared to provide for termination at will. However, the written contract in *Brawthen* contained no integration clause,

the extrinsic evidence was extensive and partially written, and the two agreements did not directly contradict one another. The written contract provided only that the contract would be automatically renewed unless either party exercised its nonrenewal option in writing; it was silent as to need or lack of need for cause. In light of the importance of these factors under California law, *Brawthen* is not persuasive here.

Moreover, the plaintiff in *Brawthen* objected to the contract's language at the time he signed it, and the oral explanation given him at that time was later buttressed by a written memorandum to the effect that no manager would be terminated if he was doing a good job. In the instant case, Sullivan had not one but three opportunities to object to inclusion of the terminable-at-will clause in his written contracts with the company. Sullivan was an experienced businessman, and there is no indication that the contracts could not have been amended had he sought clarification of his position. In these circumstances, we cannot give credence to the argument that the written contract was not meant to be the full and final embodiment of the parties' agreement. *See Mobil Oil Corp. v. Handley*, 76 Cal. App.3d at 961–62, 143 Cal.Rptr. at 324–25; *Salyer Grain & Milling Co. v. Henson*, 13 Cal.App.3d 493, 501–02, 91 Cal.Rptr. 847, 852 (1970).

Accordingly, the district court correctly held that proof of the directly contrary terms of the oral agreement was barred by the parol evidence rule on the ground that the written contract was a fully integrated agreement. Massachusetts Mutual was therefore entitled to summary judgment as a matter of law, because it was authorized to terminate Sullivan under the written contract without cause.[3]

---

**3.** As an alternative ground for granting summary judgment on the first cause of action, the district court found that the oral agreement had been extinguished by execution of the written contract in 1973 pursuant to section 1697 of the California Civil Code:

> "A contract not in writing may be altered in any respect by consent of the parties, in writing, without a new consideration, and is extinguished thereby to the extent of the new alteration."

Because of our decision on the integration issue, we do not address this ground.

### III.

Sullivan's second cause of action alleged that Massachusetts Mutual conspired with its president, its executive vice president, and its general agent in New York to breach Sullivan's contract with the company. The district court held that Massachusetts Mutual was entitled to summary judgment on this count because the company had the right to terminate Sullivan under the written contract, and because, in any event, the company could not be held to have conspired with its own officers and agents. This ruling was also correct.

▮ A conspiracy, in and of itself, does not give rise to a cause of action unless a civil wrong has been committed resulting in damages:

" * * * [T]he gist of an action charging civil conspiracy is not the conspiracy, but the damages suffered. No cause of action exists for conspiracy itself; the pleaded facts must show something which, without the conspiracy, would give rise to a cause of action." *Zumbrun v. University of Southern California*, 25 Cal.App.3d 1, 12, 101 Cal.Rptr. 499, 506 (1972).

See *Unruh v. Truck Insurance Exchange*, 7 Cal.3d 616, 631, 102 Cal.Rptr. 815, 825–26, 498 P.2d 1063, 1074 (1972). Because proof of the oral agreement is barred by the parol evidence rule, Sullivan's rights are defined solely by the written contract. Massachusetts Mutual had the right to terminate Sullivan at will under that contract, and it therefore cannot be liable for breach of contract or for conspiracy to breach the contract.

Because the cause of action for conspiracy falls together with the cause of action based on the alleged oral agreement, we need not determine whether Massachusetts Mutual could be held to have conspired with its own officers and agents. The grant of summary judgment was correct on the ground that no cause of action for conspiracy was or could be stated in this case.

Affirmed.