**HONEYWELL, INC., Plaintiff— Appellant,**

v.

**SAN FRANCISCO HOUSING AUTHORITY, Defendant— Appellee.**

of this circuit except as provided by Ninth Circuit Rule 36–3.

Honeywell, Inc., Plaintiff—Appellee,

v.

San Francisco Housing Authority,
Defendant—Appellant.

Nos. 01–16035, 01–16042.
D.C. No. CV–97–04314–TEH.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 10, 2003.

Decided Aug. 1, 2003.

Before SCHROEDER, Chief Judge,
D.W. NELSON, and W. FLETCHER,
Circuit Judges.

## MEMORANDUM *

Appellant Honeywell, Inc., appeals a jury verdict for the defendant in its suit against the San Francisco Housing Authority ("SFHA"), claiming that evidence was insufficient to find a financing condition precedent and that the verdict on the breach of contract claim was irreconcilably inconsistent. SFHA cross-appeals, arguing that the trial court erred in directing judgment as a matter of law ("JMOL") for Honeywell on its 42 U.S.C. § 1983 claim and in awarding Honeywell restitution for unjust enrichment. We affirm in part, vacate in part, and remand with instructions. The parties are familiar with the factual background and history of the case, and we recount only those facts necessary to our disposition.

### I. Admission of extrinsic evidence

■ The district court did not err in determining that the writing at issue, entitled "Addendum," was not an integration.[1] The writing contains no integration clause repudiating prior understandings, and ample evidence indicates that the parties both understood, prior to signing the writing, that SFHA only intended to enter into a contract funded by third-party financing, and that SFHA's ability to pay Honeywell

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. California law requires contract integration to be determined by the court, *see* Cal.Code Civ. P. § 1856(d), but "is not completely clear on the theory whether contract integration is a matter of law or of fact," *Sullivan v. Mass. Mut. Life Ins. Co.,* 611 F.2d 261, 264 (9th Cir.1979), or on what standard of review to apply. Regardless of whether we treat this issue as one of law to be reviewed de novo, or as one of fact to be reviewed for substantial evidence, we find no error.

was wholly dependent on securing such financing. The trial court was permitted to consider this evidence in determining whether the writing is integrated. *Pac. Gas & Elec. Co. v. G.W. Thomas Drayage & Rigging Co.,* 69 Cal.2d 33, 69 Cal.Rptr. 561, 442 P.2d 641, 645 (1968). The evidence demonstrates that the parties did not intend the writing to be the complete embodiment of their agreement. *See Masterson v. Sine,* 68 Cal.2d 222, 65 Cal. Rptr. 545, 436 P.2d 561, 563–65 (1968).

■ We review the admission of parol evidence for abuse of discretion, *U.S. Cellular Inv. Co. v. GTE Mobilnet, Inc.,* 281 F.3d 929, 938 (9th Cir.2002), and the trial court did not abuse its discretion in allowing evidence of the financing condition. Because the writing was not an integration, extrinsic evidence of a consistent additional term was relevant to show the content of the agreement. *See* Cal.Code Civ. P. § 1856(b). The financing condition was a "matter on which the document [was] silent and which [was] not inconsistent with its terms." *Masterson,* 65 Cal. Rptr. 545, 436 P.2d at 563. The terms of payment in the writing provided only that funds were to be deposited in, and withdrawn from, an escrow account, and gave no indication of the source of the funds. *See Severance v. Knight–Counihan Co.,* 29 Cal.2d 561, 177 P.2d 4, 5 (1947) ("The fact that the contract depended upon a condition precedent could be shown by parol evidence, since the contract did not include express provisions inconsistent with the condition.").

Honeywell correctly points out that, because integration is a question for the court, the evidence of integration should have been heard outside the presence of the jury. *See Brawthen v. H&R Block, Inc.,* 28 Cal.App.3d 131, 104 Cal.Rptr. 486, 491 (1972). Nonetheless, because the evidence relevant to integration was also rele-

vant to the existence of the financing condition, and thus admissible once the court determined that the writing was not integrated, Honeywell suffered no prejudice from the procedure employed by the district court.

## II. Sufficiency of the evidence

■ The district court did not err in rejecting Honeywell's motion for JMOL— a decision we review de novo—because "the evidence presented at trial [did not] permit[ ] only one reasonable conclusion" on the question of the existence of a financing condition precedent. *Santos v. Gates,* 287 F.3d 846, 851 (9th Cir.2002). The jury was entitled to consider the parties' entire course of negotiations from the point at which SFHA issued its Request for Proposals ("RFP"), which included evidence that the RFP itself asked only for project proposals that required no up-front payments; that Honeywell, in multiple presentations to SFHA, represented that its proposal met this requirement, and that it had the ability to secure financing; that the Partnering Agreement between the parties referred only to a project that required "[n]o up-front capital"; that, at an SFHA meeting during which Honeywell representatives were present, an SFHA employee represented that the project would not require SFHA to make any payments to Honeywell because Honeywell would provide the financing; that, at another meeting, a Honeywell representative stated that the project would require "no up-front costs" to SFHA; that, in written correspondence relating to the writing (the Addendum), Honeywell represented that "[n]o up front capital will be required to implement the improvements because the generated savings (guaranteed by Honeywell) serve as the funding source"; that, through its Determination & Order, SFHA only authorized a contract that had "no

fiscal impact to" SFHA and understood that the project would "not require any initial capital expenditures from the SFHA and [that] all costs must be amortized by the savings produced"; and that, in its first response to an interrogatory from SFHA in this litigation, Honeywell stated that "the parties agreed that the cost for the energy project would be paid through a financing plan." The evidence was more than sufficient to allow the jury to infer that Honeywell officials with contracting authority had agreed to a financing condition.

■ The financing condition was not satisfied, as a matter of law, by the fact that the Department of Housing and Urban Development ("HUD") granted SFHA a freeze of its Allowable Utility Compensation Level ("AUCL"), because the terms of payment in the writing required far more capital up front than could be expected from the AUCL freeze. The financing condition was not waived, as a matter of law, by SFHA's notices to proceed with the project, because substantial evidence suggests that, at that time, both parties expected the financing to materialize, that SFHA may have been relying on Honeywell to secure the funds for the contract payments, and that Honeywell knew full well the state of the discussions over financing. The financing condition was not excused, as a matter of law, by SFHA's alleged lack of effort to obtain financing, because substantial evidence demonstrates that it was Honeywell's, not SFHA's, responsibility to obtain financing, and that financing failed only because of HUD's takeover of SFHA.

*III. Formulation of jury instructions*

Honeywell has waived any error in the formulation of jury instructions by failing to object before the district court. Honeywell never indicated to the district court that it wanted instructions that "it was the SFHA's burden to prove the alleged condition precedent through clear and unambiguous contract provisions," and that "the evidence concerning the affirmative defense of a condition precedent had to be strictly construed against the SFHA." Honeywell cannot now raise the objection here. *See Hammer v. Gross,* 932 F.2d 842, 847 (9th Cir.1991) (en banc).

*IV. 42 U.S.C. § 1983 claim*

■ The district court erred in granting JMOL on Honeywell's § 1983 claim because no federal law creates rights on behalf of energy contractors in Honeywell's position. The only federal statute at issue here is 42 U.S.C. § 1437g (1996), but that statute is not "'phrased in terms of the persons benefited,'" *Gonzaga Univ. v. Doe,* 536 U.S. 273, 284, 122 S.Ct. 2268, 153 L.Ed.2d 309 (2002) (quoting *Cannon v. Univ. of Chicago,* 441 U.S. 677, 692 n. 13, 99 S.Ct. 1946, 60 L.Ed.2d 560 (1979)), and because the statute was not "intended to benefit the plaintiffs," it does not create enforceable rights. *Legal Servs. of N. Cal., Inc. v. Arnett,* 114 F.3d 135, 138 (9th Cir.1997).

Honeywell also relies on a federal regulation, 24 C.F.R. § 990.107(f) (1996), which does require public housing authorities to pay energy contractors 50% of the savings generated by retrofitting projects. But we recently held that only statutes, not regulations, may create enforceable rights, *see Save Our Valley v. Sound Transit,* 335 F.3d 932, 942–43 (9th Cir.2003), and so reliance on this regulation is misplaced. Even if regulations could create enforceable rights, as the dissent in *Save Our Valley* forcefully argues, *see id.* at 958–60 (Berzon, J., dissenting), we would still hold that the regulation here does not do so because, like the regulation in *Save Our Valley,* its focus is "on the fund recipient

and its methods of operating the funded program, not any individual affected thereby." *Id.* at 963–64. Honeywell has no viable § 1983 claim.

## V. *Allegedly inconsistent verdicts*

■ The district court did not err in determining that the verdict on the breach of contract claim was not inconsistent. Because the jury gave two answers that were legally sufficient to decide the two claims in the case, in addition to two factual findings, the verdict was a general verdict with interrogatories, to be evaluated under Federal Rule of Civil Procedure 49(b). Because it was "reasonably possible to resolve the apparent inconsistency between the answers and the verdict," the district court properly entered judgment on the jury's verdict that SFHA did not breach its contract. *See Wilks v. Reyes,* 5 F.3d 412, 415 (9th Cir.1993). Although there was a valid contract, the jury found a financing condition to that contract's payment terms, and thus could have found that SFHA did not breach the contract in failing to pay Honeywell. The payment terms in the Addendum did not specify who was to deposit the contract price in the escrow account, and the jury could have reasonably concluded that SFHA breached no duty in failing to do so.

In light of our conclusion that the § 1983 claim was not based on any enforceable federal rights, we need not determine whether the jury's verdict on this claim was inconsistent with its other answers, as the district court found.

## VI. *Equitable relief*

■ The district court did not err in awarding equitable relief to Honeywell.[2] Although the general rule under California law is that public entities are not subject to unjust enrichment claims, *see Lundeen Coatings Corp. v. Dep't of Water & Power,* 232 Cal.App.3d 816, 283 Cal.Rptr. 551, 559 n. 9 (1991), that rule is based on the need to protect public entities from obligations under contracts beyond their legal authority. *See Miller v. McKinnon,* 20 Cal.2d 83, 124 P.2d 34, 37 (1942). Furthermore, although a party who has performed work "has no right of action to recover in quantum meruit the reasonable value thereof" from a public entity, *id.,* in this case the measure of recovery was not the reasonable value of Honeywell's work but rather a portion of the cash benefits retained by SFHA as a direct result of Honeywell's work. We doubt that the California courts would bar recovery under these circumstances. Nor is Honeywell barred from recovery by unclean hands. Honeywell's conduct does not justify SFHA's behavior in applying for the AUCL freeze on the basis of the Honeywell contract, receiving the benefits of the AUCL freeze and substantial savings from Honeywell's energy efficiency improvements, and then keeping the full amount of the savings.

In fact, it seems likely that, under California law, Honeywell may be entitled to the full amount of the cash benefit obtained (and retained) by SFHA as a result of its work, rather than simply 50%. *See Unilogic, Inc. v. Burroughs Corp.,* 10 Cal. App.4th 612, 12 Cal.Rptr.2d 741, 750 (1992) (holding that "the amount of restitution based upon an unjust enrichment theory depends upon the degree to which [the defendant] was enriched"); *see also* Restatement of Restitution § 155 (1937). Although we do not reach this issue because Honeywell has not appealed the equitable award, we invite the district court to reconsider whether Honeywell is entitled to

---

**2.** The district court's award was based on unjust enrichment, not equitable estoppel, and any arguments regarding equitable estoppel are therefore irrelevant.

more than 50% of the AUCL freeze savings.

*CONCLUSIONS*

For the foregoing reasons, we VACATE the district court's entry of judgment as a matter of law with respect to the 42 U.S.C. § 1983 claim and REMAND with instructions to dismiss this claim. We AFFIRM the judgment of the district court in all other respects. Each party shall bear their own costs.

**AFFIRMED** in part, **VACATED** in part, and **REMANDED**.